### SIZEMORE MINING COMPANY, Appellant,

v.

### Winston TACKETT and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

March 18, 1977.
Discretionary Review Granted
June 8, 1977.

William G. Francis, Francis, Kazee & Francis, Prestonsburg, for appellant.

C. G. Perry, Paintsville, for appellee.

Before WINTERSHEIMER, MARTIN and WILHOIT, JJ.

WINTERSHEIMER, Judge.

This appeal was taken from a judgment of the Floyd Circuit Court entered July 6, 1976, confirming a Workmen's Compensation Board award of 100% occupational disability to Plaintiff/Appellee Winston Tackett. The claim is made by a thirty-two year old man with an eighth grade education and three dependents, who injured his back on October 31, 1974, when he fell against a coal loading machine while working in an underground mine. Four physicians examined the claimant. Dr. Kim, the treating physician, sent him back to work on December 9, 1974. Dr. Musgrave stated that he was totally disabled for heavy labor. Dr. Potter assessed a 30% functional disability. Dr. Miller, an orthopedic surgeon, found no objective evidence of any disability to prevent the claimant from working.

The issue presented is whether the record indicates that sufficient testimony was presented to show that the claimant is totally disabled or that his future earning capacity is reduced or impaired, and whether the Workmen's Compensation Board made a proper determination based upon all of these factors.

The leading case in Kentucky in this regard is *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968), which states that the

real consideration is to what extent has earning capacity been impaired. This involves evaluation of the kind of work normally available on the local market which the claimant is capable of performing by his qualifications and training prior to the injury as compared to his post injury opportunity. There is no reason that *Kentucky Alma Coal Co. v. Kirk*, Ky., 497 S.W.2d 52 (1974) should not be applied in this case.

■ The Finding of Fact in this matter is exceptionally sketchy. The Board's Rulings of Law consist of bare citations to five statutes and the *Osborne* case. It appears to this Court that the Finding of Fact No. 1 indicates that the Board's opinion does not conform to the principles of *Pennington v. Winburn*, Ky., 537 S.W.2d 167 (1976).

It is the opinion of this Court that the Workmen's Compensation Board has failed to make a proper finding relating to the future earning capacity of a claimant being impaired considering the nature of his injury, his age and other relevant factors as to job training and the local employment market.

The judgment of the trial court is reversed and remanded to the Floyd Circuit Court with instructions to return the case to the Workmen's Compensation Board to make a proper determination consistent with this opinion.

All concur.