**Winston TACKETT, Movant,**

v.

**SIZEMORE MINING COMPANY et al., Respondents.**

Supreme Court of Kentucky.

Dec. 9, 1977.

John David Preston and George Chad Perry, III, Perry & Preston, Paintsville, for movant.

William G. Francis, Francis, Kazee & Francis, Prestonsburg, for respondents.

REED, Justice.

The Workmen's Compensation Board awarded Winston Tackett 100 per cent occupational disability. His employer, Sizemore Mining Company, appealed to the Floyd Circuit Court where the board's award was upheld. The employer then appealed the circuit court's judgment to the Court of Appeals where the judgment was reversed with directions to the circuit court "to return the case to the Workmen's Compensation Board to make a proper determination consistent with this opinion." See *Sizemore Mining Co. et al. v. Tackett*, Ky., 551 S.W.2d 22 (1977). We granted Tackett's motion for discretionary review. We reverse the decision of the Court of Appeals and affirm the judgment of the Floyd Circuit Court.

Tackett is a 32-year-old coal miner with an eighth-grade education. He has three dependents. He injured his back by falling against a machine on the belt line at which he was working. After two stays in the hospital between which he was able to work only intermittently, he ceased work in January 1975 and has not worked since. There was ample medical evidence from which the Board could believe that Tackett's injury resulted in a herniated disc and that he was 100 per cent permanently disabled for hard manual labor, including coal mining.

Tackett testified that he could do no work; that he could stand on his feet only 20 to 25 minutes before they began to hurt; and, that he could sit in one position only 10 to 15 minutes before he had to move around.

The Court of Appeals held that the Board "failed to make a proper finding relating to the future earning capacity of a claimant being impaired considering the nature of his injury, his age and other relevant factors as to job training and the local employment market." That court further stated: "There is no reason that *Kentucky Alma Coal Co. v. Kirk*, Ky., 497 S.W.2d 52 (1974) should not be applied in this case."

We respectfully differ with the conclusion of the Court of Appeals that the *Kirk* case is applicable. Kirk was an 18-year-old college student majoring in accounting. He hurt his hand while working in a coal mine. At the time the award of total disability

was entered he was working for a firm of certified public accountants at a substantially higher salary then he made for hard labor in the coal mines. We reversed the board's award of 80 per cent total and permanent disability.

In the case before us, however, Tackett is a 32-year-old man with an eighth-grade education. Hard manual labor is the only work he has ever done. He has no training in other less physical fields of endeavor. His opportunities for future earning at the time the board made its award were solely in the use of the strength of his back. His own testimony and his medical evidence, which is consistent with his testimony, establish that he is no longer able to work.

"If the board finds that the workman is so physically impaired that he is not capable of performing any kind of work of regular employment, . . . the man will be considered to be *totally* disabled." *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968). That language describes what the board found in this case.

It is true that the claimant has the burden of proof and the risk of nonpersuasion in establishing the extent of disability. The board was persuaded by the evidence to the extent that it found in favor of the claimant on the issue. Although the evidence did not compel a finding in claimant's favor, it was sufficient to support a finding in claimant's favor if the board chose to so find. Cf. *Island Creek Coal Company v. Springer*, Ky., 479 S.W.2d 890 (1972).

The situation is closely similar to that presented in *Yocom v. Keene*, Ky., 512 S.W.2d 27 (1974). There the claimant, an underground coal miner who had worked as such for 20 years, who had a limited education, and who produced medical evidence of total disability to engage in underground coal mining by reason of pneumoconiosis, was awarded benefits for total and permanent disability. As to the issue of the burden of establishing the extent of disability, we said:

". "Appellant's testimony that he is not able to work and does not know of any kind of work he could do leaves much to be desired because it does not show any application for or refusal of other employment or that he has made any investigation whatever as to the availability of other work.

"On the other hand it would appear as easy for the employer to demonstrate the availability of other regular employment as it is for the claimant to show the lack of it. Considering the appellant's testimony in the light of the fact that his education, work experience and physical condition limit his job opportunities, and in the absence of any countervailing evidence as to the availability of regular work in the area which he could perform, the court is of the opinion that the evidence in the record is sufficient to sustain the findings of the Board."

We, therefore, conclude that we cannot say the board's decision on the issue lacked substantial evidentiary support.

The decision of the Court of Appeals is reversed, and the judgment of the Floyd Circuit Court is affirmed.

All concur.