**ELMENDORF FARMS and the Travelers Insurance Company, Appellants,**

v.

**David GOINS, Jr. and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Aug. 24, 1979.

As Modified Sept. 7, 1979.

Discretionary Review Denied Feb. 7, 1980.

Stephen M. O'Brien, III, Landrum, Patterson & Dickey, Lexington, for appellants.

Charles A. Taylor, Hughes, Taylor & Elam, Lexington, for appellee David Goins.

Before Full Court Sitting En Banc.

HAYES, Judge.

This is an appeal from a holding of the Fayette Circuit Court which affirmed an award to appellee Goins of $32.00 per week for permanent partial disability, and of $96.00 per week for temporary total disability for the eight (8) months immediately following the disabling accident.

Claimant-appellee is a fifty-six-year-old man who spent his entire working life as a horse handler. While in the performance of his job duties for appellee, he fell from a wagon onto frozen ground. He landed on his hand and fractured his wrist. He was placed in a cast and instructed to exercise his fingers a great deal. Although he went to every doctor's appointment and to every physical therapy appointment for which he was scheduled, two physicians testified that during the course of his treatment it was apparent that he was not exercising nearly as much as he needed to if he was to recover the use of his hand. Both physicians gave evidence that Goins appeared to have an unusually low pain threshold, which would cause him greater-than-average difficulty in doing the prescribed exercises.

Goins ultimately developed a reflex sympathetic dystrophy, *i. e.* hypersensitivity and stiffness of the hand, which in turn led to osteoporosis, *i. e.* weakening of the bone through loss of mineral content. These conditions have made his right hand virtually useless. It is undisputed that because of the loss of use of his right hand, Goins is disabled from his former work as a horse handler. It is also undisputed that his condition appears to be permanent.

KRS 342.035(2) provided:

No compensation shall be payable for the death or disability of an employee if and insofar as his disability is aggravated, caused or continued, by an unreasonable failure to submit to or follow any competent surgical treatment of medical aid or advice.

Thus the Board had before it three factual issues: (1) whether Goins had in fact failed to follow competent medical advice (he testified that he had indeed performed the prescribed exercises), (2) whether such failure was reasonable, and (3) whether such unreasonable failure had in fact caused his disability.

The Board, in an unclear opinion, found that Goins had a 20% functional disability which translated to a 15% occupational disability. The Board notes that it would have rated his occupational disability at 30% had it not "carved away" 15%, presumably under KRS 342.035(2), *supra.* It would have been correct to find a 30% occupational disability and then to award compensation based on 15% disability under the restrictions imposed by KRS 342.035.

■ Confusing as the Board's opinion is, our review indicates that it has reached a reasonable result. The record can easily support either the finding that only half of Goins's failure to exercise was unreasonable or that any unreasonable failure resulted in only half of his present disability. Either result is well within the Board's province as fact finder.

The Board made the following award to appellee:

David Goins, Jr., shall recover . . . the sum of $96.00 per week for temporary total disability from January 20, 1976, to August 18, 1976, and thereafter the sum of $11.13 per week for 15% occupational disability for so long as he is disabled and the sum of $11.13 is to be increased to the sum of $32.00 per week, the minimum allowed by KRS 342.140(1).

. . . . .

The award raises a conflict between the holding in *Apache Coal Co. v. Fuller,* Ky., 541 S.W.2d 933 (1976), and the interpretation of KRS 342.140(1) propounded by that case, and the mandatory language of KRS 342.035(2) which mandates that "no compensation shall be payable" for the portion of disability resulting from an unreasonable failure to follow competent medical advice. We are, in other words, faced with an apparent conflict between the broad language of *Apache, supra,* and the specific and mandatory language of KRS 342.035(2).

If we held *Apache* to be applicable, we would render KRS 342.035(2) a nullity in application to a very substantial portion of all cases of permanent partial disability. We must assume that at least part of the intent of the legislature in enacting the statute was to put employers and their insurers out of the position of having to pay for adverse consequences which could have been avoided by reasonable medical measures. That purpose is certainly not furthered by raising to 20% of the average weekly wage in Kentucky awards which have been reduced because the Board has found unreasonable failure to follow competent medical advice.

■ In the absence of further guidance from the Supreme Court, we hold that the appropriate way to reconcile the apparently conflicting rules is this: The award should be initially computed as if failure to follow medical advice were not a factor. Once the correct figure is reached it should, following *Apache,* be raised, if necessary, to the statutory minimum. The figure reached should then be proportionately reduced according to the degree to which the Board has found that the disability was caused, prolonged or aggravated by the conditions set out in KRS 342.035(2), *supra.*

Thus, in the instant case, the initial award of $22.00 based on 30% of Goins' accustomed wage should be raised to the statutory minimum of 20% of the average wage, *i. e.* $32.00, and then be reduced by 50%, the degree to which the Board found that unreasonable failure to follow medical advice was the cause of his ultimate disability. Thus his proper weekly award should be $16.00.

■ A final issue is whether the Board acted correctly in calculating appellee's temporary total disability benefits according to the holding of *Mills v. Parsley,* Ky. App., 24 Ky.L.Summ. 7 (May 20, 1977). The basis of the dispute is that no mandate had been issued for *Mills* as of the August, 1977, date of the Board's Opinion and Order, and indeed none has ever been issued. Under RAP 1.340, which was effective at the time of the Board's Opinion and Order and which was later reenacted in pertinent part as CR 76.30, an opinion of an appellate court becomes effective only when the mandate issues. No mandate issued because the Supreme Court of Kentucky had taken *Mills* on discretionary review. *Mills* was eventually remanded to, and discarded by, this court in light of *Transport Motor Express v. Finn,* Ky., 574 S.W.2d 277 (1978).

The findings of fact of the Board as to percentage of disability are affirmed. However, this case is reversed in part and remanded to the Fayette Circuit Court with instructions to remand to the Workmen's Compensation Board for recalculation of temporary total disability benefits in accordance with KRS 342.730(1), and for re-computation of permanent partial disability benefits in accordance with this opinion.

GANT and HOWARD, JJ., dissent.