**EATON AXLE CORPORATION, Movant,**

v.

**Bernard E. NALLY, Special Fund and Workers' Compensation Board, Respondents.**

**Bernard E. NALLY, Movant,**

v.

**EATON AXLE CORPORATION; John Calhoun Wells, Secretary of Labor and Custodian of the Special Fund; and Workers' Compensation Board, Respondents.**

Supreme Court of Kentucky.

April 11, 1985.

J. Landon Overfield, West, Ternes, Gibbs & Overfield, Henderson, for Eaton Axle Corp.

Thomas E. Simpson, Wesley & Simpson, Morganfield, for Bernard E. Nally.

John E. Stephenson, Labor Cabinet, Louisville, Jackie H. Blankenship, Director, Workers' Compensation Board, Frankfort, for Special Fund.

GANT, Justice.

Claimant Nally was allegedly injured in 1978 while in the employ of Eaton Axle Corporation in Henderson County. He had an eighth grade education and was 47 years old at the time of the injury, with a functional IQ of 80 according to one witness and 90 according to another. His duties at the time of the injury required lifting axles which weighed between 60 and 90 pounds, and it is basically uncontested that following the injury he was unable to return to his former position. His previous work experience had involved heavy manual labor, or work in the oil fields, in maintenance and with heavy equipment. The Workers' Compensation Board found the claimant to be 100% occupationally disabled, assessing the compensation therefor 50% against the employer and 50% against the Special Fund. The Opinion and Award were affirmed by the Henderson Circuit Court, but the Court of Appeals reversed and remanded for a finding of partial disability only and for a finding concerning notice.

Discretionary review was granted on motion of both the claimant and the employer, and numerous issues are presented. The first issue is the finding by the Court of Appeals that "there is not sufficient substantial evidence to support a finding that the claimant was totally disabled." This holding was based upon two factors, the first being that claimant "testified that he was a welder and capable of performing at least this type of alternate employment." This finding by the Court of Appeals was inconsistent with the evidence. The claimant did testify that he had taught himself to weld, but also testified that he could not perform this task as "you have to lift to weld." The medical evidence herein was that the claimant could not lift over 20 pounds, could not be on his feet all day, and must avoid prolonged sitting and frequent bending. The claimant also testified about numerous jobs he had attempted to obtain or perform.

■ The appellate standard of review in workers' compensation cases has always been that there be sufficient evidence of probative value to justify the finding of the Board and the appellate court shall not substitute its judgment for that of the Board. In considering the value of the evidence and the testimony of the claimant, this court stated in *Caudill v. Maloney's Discount Stores*, Ky., 560 S.W.2d 15 (1977):

> We conclude that Caudill's own testimony, education, work experience and physical condition, together with the medical evidence introduced by her, established an evidentiary foundation sufficient to *support*, but not to *compel*, a finding by the Board that she was incapable of performing any kind of work of regular employment and, therefore, was totally disabled under the *Osborne v. Johnson* formula. [Citing *Tackett v. Sizemore Mining Co.*, Ky., 560 S.W.2d 17 (1977)].

■ We have no doubt that the reverse of *Caudill* and *Tackett* may apply, so the

testimony of the claimant, when considered with the other factors outlined in those cases, may well establish an evidentiary foundation sufficient to *support* but not *compel* a finding of partial disability or no disability by the Board. However, the testimony of the claimant herein did not compel a finding of partial disability but rather, when considered with his education, work experience, physical condition and medical evidence, was sufficient to support a finding of total disability.

■ The second basis for the finding of partial disability by the Court of Appeals was the "uncontradicted evidence" of the vocational experts in this case. This "evidence," in summary, was that, based upon their interview with the claimant, their examination of the medical records and their knowledge of the job market in the area, it was their *opinion* that there might be certain jobs which could be performed by the claimant. Uncontradicted opinions by vocational experts is not such evidence as *compels* any specific findings by the Workers' Compensation Board, which body is the fact finder, with the right to "believe part of the evidence and disbelieve other parts of the evidence." *Caudill, supra,* p. 16. The opinions of the vocational expert do not supplant medical and other evidence but are merely a part of the total evidence which is before the Board. To hold otherwise would reduce workers' compensation hearings to a swearing contest between vocational experts.

■ Claimant argues to us that KRS 342.620(9) [now KRS 342.620(11)] represents an alteration or modification of the standard enunciated by this court in *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), to the extent that the statute requires only proof that the employee was unable to perform the specific work in which he was engaged when injured. We disagree with the claimant and agree with the employer that the statute is a mere codification of *Osborne v. Johnson,* which speaks of "the kind of work the man *can perform,*" the cited statute saying "the kind of work the employee is customarily able to do." See also *Couliette v. International Harvester Co.,* Ky., 545 S.W.2d 936 (1976).

■ The employer, in its cross-motion, complains of failure of the Workers' Compensation Board to make Findings of Fact as mandated. First, the employer argues there was no finding of a disabling, work-related injury, independent of the arousal of a pre-existing condition, which would mean that the entire disability should be apportioned to the Special Fund. We concur with the Court of Appeals that the findings of the Board that there was, in fact, such a work-related injury are sufficient. *Cf. Brown v. Gregory,* Ky., 398 S.W.2d 710 (1966).

■ However, the second argument is of dissimilar import. The question of notice by the claimant to the employer was energetically contested by the employer at every opportunity before the Board, and yet the Board failed to make any finding of fact relating thereto. In our opinion, KRS 342.185 requires Findings of Fact on all contested issues, and notice is one of the threshold questions which must be addressed in any claim before the Board. *Harry M. Stevens Co., Inc. v. Workmen's Compensation Board,* Ky.App., 553 S.W.2d 852 (1977). We affirm the Court of Appeals in its remand of this case, through the Henderson Circuit Court, to the Workers' Compensation Board for determination of whether there was proper notice to the employer.

It has become increasingly apparent to this court that a multitude of cases annually are remanded by the courts to the Workers' Compensation Board for Findings of Fact on issues essential to the Opinion and Order of that body. This occurs at the circuit court level, in the Court of Appeals, and in this court, consuming an inordinate amount of time in crowded dockets. Utilization of the court system is an appellate process in workers' compensation cases, as provided in KRS 342.285 and KRS 342.290. Within our own confines, the courts have provided a method by which the finder of

facts shall first be afforded an opportunity to correct omissions or errors before the appellate process begins, by CR 52.04, which provides:

**Rule 52.04. Failure to make finding on essential issue of fact—Necessity for request.**—A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02.

The purpose of this rule is to require that all justiciable issues are disposed of before the appellate process begins.

■ It is our opinion that KRS 342.281 should be utilized as a statutory counterpart of CR 52.04 and that before beginning the appellate process which utilizes the court system, the claimant, employer or any other party involved in the case before the Workers' Compensation Board seeks an appeal on errors which are patent upon the face of the award, order or decision, he *must* first file a Petition for Reconsideration pursuant to KRS 342.281. KRS 342.-285 provides, in appropriate part:

(1) An award or order of the board as provided in KRS 342.275, if petition for reconsideration is not filed as provided for in KRS 342.281, shall be conclusive and binding as to all questions of fact, but either party may within twenty (20) days after the rendition of such final award or order of the board, by petition appeal to the circuit court ...

■ It is our opinion that this obviously contemplates that the issues shall be clearly decided before the appellate process begins. Disposal of the essential elements of a case is a small enough price to pay for a ticket of admission to the judicial process. KRS 342.281 is obviously designed for such a purpose. It is limited by its language to review of "errors patently appearing upon the face of the award, order or decision." Failure by the Workers' Compensation Board to make statutorily mandated Findings of Fact is, indeed, a patent error.

■ It is the decision of this court that prospectively, from the date of this opinion, no award, order or decision of the Workers' Compensation Board shall be reversed or remanded on appeal to any court because of failure of said Board to make findings of an essential fact unless said failure is brought to the attention of the Board by Petition for Rehearing pursuant to KRS 342.281.

Accordingly, the opinion of the Court of Appeals is reversed in its mandate to remand to the Workers' Compensation Board for award of only partial disability, affirmed on its apportionment between the employer and the Special Fund, and affirmed on its remand, through the Henderson Circuit Court, on the question of proper notice by the employee to the employer. Should proper notice be the finding of the Board, the award of total disability to the claimant shall be allowed.

All concur.