**BLUE DIAMOND COAL COMPA-NY/SCOTIA COAL COMPA-NY, Appellant,**

v.

**Larry D. BEALE, Director of Special Fund; Billy Joe McDaniels; Honorable Richard H. Campbell, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**Larry D. BEALE, Director of Special Fund, Appellant,**

v.

**Billy Joe McDANIELS; Blue Diamond Coal Company/Scotia Coal Company; Honorable Richard H. Campbell, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**Nos. 91–CA–000486–WC, 91–CA–000586–WC.**

Court of Appeals of Kentucky.

Dec. 27, 1991.

Appeal Dismissed by Kentucky Supreme Court
April 6, 1992.

Released for Publication
Feb. 1, 1993.

Alison Wells Hylton, Barret, Haynes, May Carter & Roark, P.S.C., Hazard, for appellant/cross-appellee Blue Diamond Coal Company/Scotia Coal Co.

Denis S. Kline, Labor Cabinet, Louisville, for appellee/cross-appellant Larry D. Beale, Director of Special Fund.

Mark David Goss, Goss & Goss, Harlan, for appellee Billy Joe McDaniels.

Valerie Salven, Frankfort, for Workers' Comp. Bd.

Before HOWERTON, HUDDLESTON and STUMBO, JJ.

HUDDLESTON, Judge.

The Special Fund and Blue Diamond Coal Company/Scotia Coal Company (Scotia) appeal from an order of the Workers' Compensation Board which affirmed an award made by an Administrative Law Judge (ALJ) in favor of Billy Joe McDaniels, who,

pursuant to KRS 342.732(1)(c),[1] was determined to be totally disabled. We agree with the Board and affirm.

The Special Fund and Scotia argue that the ALJ and the Board erroneously interpreted KRS 342.732(2).[2]

McDaniels' work history reflects twenty years of coal dust exposure during his employment by Scotia. Additionally, McDaniels has smoked since he was fourteen years of age or younger.

McDaniels was examined by seven physicians, all of whom testified that he had a forced expiratory volume measurement ($FEV_1$) of less than 55% of the expected normal. McDaniels' $FEV_1$ results ranged from a high of 38% to a low of 17.4%. McDaniels' forced vital capacity (FVC) results ranged from a high of 77% to a low 48%.

Three physicians found positive evidence of coal workers' pneumoconiosis by X-ray. Three other physicians found no such evidence and attributed McDaniels' respiratory impairment to cigarette smoking. The seventh physician found category 1/1 pneumoconiosis by X-ray, but was of the opinion that McDaniels' respiratory impairment resulted from pulmonary emphysema induced by cigarette smoking.

The ALJ found that McDaniels suffered from category 1/1 pneumoconiosis as a result of coal dust exposure while employed by Scotia. In accord with KRS 342.-732(1)(c), the ALJ awarded McDaniels total disability benefits.

■ Both parties submit interpretations of KRS 342.732(2) that fit within the common usage of the language used therein. The Board considered both interpretations, but found that KRS 342.732 made specific reference to the American Medical Association guidelines. The Board, citing

*Epsilon Trading Co., Inc. v. Revenue Cabinet,* Ky.App., 775 S.W.2d 937 (1989), opined that "[w]hile outside sources are not decisive, such authority can provide information concerning legislative intent." The Board then observed that Table 8 of Chapter 5 of the latest (1988) AMA guidelines discussing classes of respiratory impairment "makes it clear that if either the FVC or the $FEV_1$ ... is below a certain percentage of predicted value there is some impairment." Dr. Anderson, one of the examining physicians, offered his interpretation of the AMA guidelines and concluded, solely on the basis of his $FEV_1$ value, that McDaniels suffered Class 4 impairment. We are satisfied that the AMA guidelines as interpreted by Dr. Anderson sufficiently support the ALJ's award. This Court may not reverse a decision of the Workers' Compensation Board unless the evidence compels a decision in the appellant's favor. *Paramount Foods, Inc. v. Burkhardt,* Ky., 695 S.W.2d 418 (1985). That is not the situation here. Furthermore, a contrary interpretation of KRS 342.732(2) would undermine the statute's reliance on the AMA guidelines.

■ Scotia's second allegation of error addresses the Board's interpretation of KRS 342.732(1)(c). As did the Board, we find the legislative intent to be crystal clear. If the factual findings of the ALJ require assessment of disability under this section "there shall be an *irrebuttable presumption* that the employee is totally disabled resulting from exposure to coal dust...." Scotia argues that the ALJ should be required to consider McDaniels' cigarette smoking in apportioning causation. Inasmuch as the statute allows the ALJ no such latitude, the Board correctly decided the issue of causation.

---

**1.** KRS 342.732(1)(c) provides in pertinent part: "If the administrative law judge finds that an employee has a *radiographic classification of category 1/0 1/1 or 1/2,* based on the latest ILO International Classification of Radiographics, and *respiratory impairment as evidenced by spirometric test values of less than fifty-five percent (55%) of the predicted normal values,* contained in the chapter on the respiratory system of the latest edition available of the *Guides to the Evaluation of Permanent Impairment published by the American Medical Association,* there shall be an *irrebuttable presumption* that the employee is

*totally disabled resulting from exposure to coal dust...."* (Emphasis added.)

**2.** KRS 342.732(2) provides: "The presence of respiratory impairment resulting from exposure to coal dust shall be established by using the largest forced vital capacity (FVC) value *or* the largest forced expiratory volume in one second ($FEV_1$) value determined from the totality of all such spirometric testing performed in compliance with accepted medical standards." (Emphasis added.)

For the foregoing reasons, the order of the Workers' Compensation Board from which this appeal is taken is affirmed.

All concur.