**Robert L. WHITTAKER, Acting Director of Special Fund, Appellant,**

v.

**Otis WAGNER; Leeco, Inc.; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**LEECO, INC., Appellant,**

v.

**Otis WAGNER; Vicki G. Newberg, Acting Director of Special Fund; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**Nos. 94–SC–764–WC, 94–SC–765–WC.**

Supreme Court of Kentucky.

May 11, 1995.

Case Ordered Published by Supreme Court June 2, 1995.

Angeline B. Golden, Labor Cabinet—Special Fund, Louisville, for appellant Whittaker.

Timothy Joe Walker, Reece & Lang, P.S.C., London, for appellant Leeco, Inc.

Edmond Collett, Kenneth A. Buckle, Hyden, for appellee Wagner.

Angeline B. Golden, Labor Cabinet—Special Fund, Louisville, for appellee Newberg.

## OPINION OF THE COURT

Claimant worked in the underground coal mines for 16 years and was last exposed to the hazards of coal workers' pneumoconiosis on April 28, 1989. There was conflicting evidence concerning both the presence of pneumoconiosis and the cause of claimant's respiratory impairment. The Administrative Law Judge (ALJ) reviewed the x-ray evidence and chose to believe claimant's experts regarding the diagnosis of pneumoconiosis. The ALJ noted that claimant's largest FVC value exceeded 80% of the predicted normal. However, the largest FEV1 value was less than 55% of the predicted normal. Because the ALJ believed that KRS 342.732(1)(c) provided "an irrebuttable presumption that plaintiff is totally disabled and that his disability resulted from exposure to coal dust," no finding was made on the issue of whether claimant's respiratory impairment was caused by his exposure to coal dust. The defendants had argued that claimant's impairment was not caused by exposure to coal dust but filed no petition for reconsideration or request for specific findings.

The employer and the Special Fund appealed to the Workers' Compensation Board (Board). However, the Board affirmed the ALJ, noting that the defendants' failure to petition for reconsideration precluded an appeal on the issue of causation. Furthermore, the Board cited the decision in *Blue Diamond/Scotia Coal v. Beale*, Ky.App., 847 S.W.2d 61 (1991) for the principle that "coal dust causation is irrebuttably presumed [by KRS 342.732(1)(c) ] where pulmonary capacity is less than 55% of the predicted norm."

The Court of Appeals affirmed, citing the then-recent decision in *Arch on the North Fork v. Campbell*, Ky., 865 S.W.2d 312 (1993), in which this Court determined that the irrebuttable presumption of disability found in KRS 342.732(1)(c) did not relieve a worker from proving that the demonstrated respiratory impairment resulted from occupational exposure to coal dust. The Court of Appeals noted that, in finding that claimant had contracted pneumoconiosis, the ALJ had relied upon medical experts who also testified that exposure to coal dust was a medically significant cause of claimant's impairment. Therefore, regardless of evidence of a noncompensable cause, there was substantial evidence in the record to support the award, and it could not be disturbed on appeal.

■ We reverse. The ALJ made no finding concerning the cause of claimant's respiratory impairment because he believed that KRS 342.732(1)(c) provided an irrebuttable presumption of causation. Under those circumstances and although it would have been helpful in resolving this appeal, a petition for reconsideration and request for specific findings was not required.

Contrary to the opinion of the Board, in *Blue Diamond/Scotia Coal*, the Court of Appeals determined that KRS 342.732(1)(c) did not permit the cause of a worker's respiratory impairment to be apportioned between compensable and noncompensable factors. It did not hold that proof of causation was unnecessary under KRS 342.732(1)(c). As we determined in *Campbell*, a finding that claimant's demonstrated respiratory impairment resulted from an occupational exposure to coal dust is required by KRS 342.732(1)(c). In *Newberg v. Reynolds*, Ky., 831 S.W.2d 170 (1992), we determined that where there is evidence of both a compensable and noncompensable cause of the worker's respiratory impairment, a finding that the impairment was caused by work may be supported by proof that the worker's exposure to coal dust was a medically significant cause of the demonstrated respiratory impairment.

In the instant case, the evidence concerning the cause of claimant's obstructive pulmonary impairment was conflicting. Dr. Clarke attributed it to "irritants" breathed in claimant's employment in the coal mines. Drs. Baker and Wright attributed it to a combination of coal dust inhalation and smoking; whereas, Drs. Broudy and Jarboe did not believe that claimant had contracted pneumoconiosis. They attributed the respiratory im-

pairment to claimant's history of cigarette smoking and not to work-related exposure to coal dust.

■ Regardless of the ALJ's reliance upon claimant's experts in determining the presence of pneumoconiosis, it cannot be presumed that he would have chosen to rely upon those same experts when determining the cause of claimant's respiratory impairment. Furthermore, the evidence would have supported a finding either for or against the claimant. Therefore, regardless of our agreement with the Court of Appeals that there was substantial evidence to have supported a finding of causation had it been made, this award must be reversed and the case remanded for a finding on that issue, followed by the entry of an award that conforms to the finding.

Accordingly, the decision of the Court of Appeals is hereby reversed, and the case is hereby remanded to the ALJ for further proceedings that are consistent with this opinion.

All concur except LAMBERT, J., who dissents by separate opinion.

LAMBERT, Justice, dissenting.

As noted in the majority opinion, the defendants "had argued that claimant's impairment was not caused by exposure to coal dust but filed no petition for reconsideration or request for specific findings." As such, their argument of no causation should not be heard in this Court. We have long since answered the question here. *Eaton Axle Corporation v. Nally,* Ky., 688 S.W.2d 334 (1985); CR 52.04.

In *Eaton Axle,* we said:

It has become increasingly apparent to this court that a multitude of cases annually are remanded by the courts to the Workers' Compensation Board for Findings of Fact on issues essential to the Opinion and Order of that body. This occurs at the circuit court level, in the Court of Appeals, and in this court, consuming an inordinate amount of time in crowded dockets. Utilization of the court system is an appellate process in workers' compensation cases, as provided in KRS

342.285 and KRS 342.290. Within our own confines, *the courts have provided a method by which the finder of facts shall first be afforded an opportunity to correct omissions or errors before the appellate process begins,* by CR 52.04. . . . The purpose of this rule is to require that all justiciable issues are disposed of before the appellate process begins. . . . It is the decision of this court that prospectively, from the date of this opinion, *no award, order or decision of the Workers' Compensation Board shall be reversed or remanded on appeal to any court because of failure of said Board to make findings of an essential fact unless said failure is brought to the attention of the Board by Petition for Rehearing pursuant to KRS 342.281.*

*Id.* at 337–38 (emphasis added).

As there was no petition for reconsideration, we should resist the urge to reverse and remand this case for even further consideration.