Dianna S. LUTTRELL, Appellant/Cross–Appellee,

v.

CARDINAL ALUMINUM COMPANY, Appellee/Cross–Appellant,

and

Bruce W. Cowden, Administrative Law Judge and Workers' Compensation Board, Appellees.

Nos. 94–CA–003011–WC, 95–CA–000001–WC.

Court of Appeals of Kentucky.

Oct. 20, 1995.

Gilbert Hale Nutt, Louisville, for Appellant/Cross–Appellee.

Carole Meller Pearlman, Louisville, for Appellee/Cross–Appellant.

Before COMBS, GUDGEL and SCHRODER, JJ.

SCHRODER, Judge:

In this petition for review from a decision by the Workers' Compensation Board (Board), appellant, Dianna S. Luttrell (Luttrell), contends that the Board erred in affirming the administrative law judge's (ALJ) reduction of her original award (from 70% occupational disability for lifetime to 50% permanent partial disability) on the basis that she unreasonably refused medical advice. Cardinal Aluminum Company (Cardinal) cross-petitions, arguing that the ALJ should have completely barred Luttrell's recovery, or in the alternative, that he should have reduced Cardinal's liability for Luttrell's medical expenses proportionately with the reduction of her income benefits. We disagree with all contentions and therefore affirm.

Luttrell suffered a work-related injury to the leg in 1990. She was diagnosed with sympathetic dystrophy of the right leg and was found totally disabled, with 30% carved out because of a prior active psychiatric condition. The Board reversed the ALJ's decision to the extent that it remanded the claim to determine if any of the disability was due to Luttrell's unreasonable refusal to obtain medical treatment. The Court of Appeals and the Supreme Court affirmed.

Upon remand, the ALJ determined that Luttrell's refusal to follow certain medical advice was unreasonable, specifically, her refusal to attend pain clinics at Emory Clinic and Genesis Center. He relied on the medical opinions that participation in a physical therapy program would have improved Luttrell's sympathetic dystrophy. Although the ALJ found that appellant did not refuse all medical treatment, he reduced her award to the extent she did refuse medical treatment and that refusal resulted in an increase in her disability, *i.e.,* to 50% permanent partial

disability. The Board affirmed the ALJ's opinion.

■ Before us, appellant must prove that the Board "has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685, 687–88 (1992).

KRS 342.035(2) states in pertinent part: No compensation shall be payable for the death or disability of an employee if his death is caused, or if and insofar as his disability is aggravated, caused or continued, by an unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice.

■ Luttrell first maintains that Cardinal failed to meet its burden of establishing the affirmative defense that she unreasonably refused medical treatment which, in turn, resulted in additional disability. Luttrell relies on the recommendation of a consulting physician that physical therapy could cause additional sympathetic dystrophy.

■ In *Teague v. South Central Bell*, Ky.App., 585 S.W.2d 425 (1979), this Court set forth the two elements necessary to establish an affirmative defense pursuant to KRS 342.035(2): 1) failure to follow medical advice and 2) the failure must be unreasonable. A third factor is whether the unreasonable failure caused disability. *Elmendorf Farms v. Goins*, Ky.App., 593 S.W.2d 81 (1979). The determination of whether the failure to follow medical advice is unreasonable is a question of fact for the ALJ. *Fordson Coal Co. v. Palko*, 282 Ky. 397, 138 S.W.2d 456 (1940). Refusal to submit to treatment is unreasonable if it "is free from danger to life and health and extraordinary suffering, and, according to the best medical or surgical opinion, offers a reasonable prospect of restoration or relief from the disability." *Id.*

Luttrell was referred to various pain programs, the Genesis Pain Clinic in Louisville, Emory University in Atlanta, and the Cleveland Clinic. She was also referred to Jewish Hospital in Louisville for physical therapy. She rejected the program at Emory because it would keep her from her family for six to twelve months and required her to see a psychiatrist. She ceased physical therapy because it caused pain and swelling in her leg. She did not continue at the Genesis Center because of pain and problems with transportation. She only underwent a two-day evaluation at the Cleveland Pain Center, discontinuing because her insurance company refused to pay for it. Yet Dr. Harkess testified that he had gone to great lengths to have Luttrell's insurance carrier underwrite this treatment.

Dr. Foster felt an aggressive physical therapy program was necessary. Dr. Watkins, a pain specialist, found Luttrell's major problem was disuse atrophy, and he recommended physical therapy even though he admitted that aggressive therapy could trigger sympathetic dystrophy. Dr. Nehil, an orthopedic surgeon, stated that weight-bearing exercises and activity are necessary to reverse atrophy of the leg muscles.

■ From a review of the medical evidence, we see that the opinion was unanimous that Luttrell undergo physical therapy to improve her condition. Even the physician who acknowledged the possibility of triggering sympathetic dystrophy recommended physical therapy. Thus, the conclusion of the ALJ, who has the sole authority to determine the weight and sufficiency of the evidence, *Paramount Foods, Inc. v. Burkhardt*, Ky., 695 S.W.2d 418 (1985), that Luttrell's failure to follow medical advice was unreasonable is supported by substantial evidence. *Special Fund v. Francis*, Ky., 708 S.W.2d 641 (1986).

■ Luttrell also contends that the reduction of the award penalizes her twice for her psychiatric disability. She relies on Dr. Harkess' opinion that her pain and psychiatric condition prevented her from acting of her own volition. However, we have already affirmed the ALJ's finding that appellant's failure to follow medical treatment was unreasonable. It can be inferred that the ALJ considered Luttrell's psychiatric condition in making his determination. As it is within the sole discretion of the ALJ to judge the inferences to be drawn from the evidence, we will not substitute our judgment therefor.

*Burkhardt, supra;* KRS 342.285(2); *REO Mechanical v. Barnes,* Ky.App., 691 S.W.2d 224 (1985).

■ Luttrell's last contention is that there is no proof that even if she had undergone the physical therapy that she would have been less disabled. We disagree. The medical testimony is unanimous that physical therapy would have improved Luttrell's condition. Although none of the physicians expressed an opinion as to the extent to which her refusal to follow medical treatment added to her disability, it was for the ALJ to transpose the evidence available to a finding of disability. *Seventh Street Road Tobacco Warehouse v. Stillwell,* Ky., 550 S.W.2d 469 (1976).

■ In disposing of the cross-petition, we note that there is no authority for the proposition that KRS 342.035 demands a complete bar to recovery. The statute states that "No compensation shall be payable ... *insofar as* [the] disability is ... caused ... by an unreasonable failure to ... follow ... medical ... advice." (Emphasis added). We interpret this to mean that an award shall be reduced proportionately to the extent that the failure to follow medical advice contributed to the disability.

Further support is found in the case law. In *Fordson Coal Co. v. Palko, supra,* a total disability award had been reduced, but not altogether barred, because the claimant refused a hip operation. In *South 41 Lumber Co. v. Gibson,* Ky., 438 S.W.2d 343 (1969), the claimant's failure to follow doctor's orders authorized a reduction in a total disability award by about 25 to 30% but not to as low as 40%. In *Elmendorf Farms v. Goins, supra,* the ALJ properly reduced the claimant's award for disability by one-half since the medical evidence adduced that his unreasonable failure to exercise resulted in half of his disability. The Court held that the percentage of occupational disability should be reduced according to the degree to which the ALJ has found that the disability was caused, prolonged, or aggravated by the conditions set forth in KRS 342.035(2). Even *Allen v. Glenn Baker Trucking, Inc.,* Ky., 875 S.W.2d 92 (1994) does not support the cross-appellant's position. In that case, the award was completely barred by KRS 342.035(2), but only because the ALJ determined that all the claimant's disability flowed from his failure to follow reasonable medical advice.

■ Nor are we persuaded by Cardinal's alternative argument that Luttrell's medical benefits should be reduced commensurate with the reduction in her income benefits. In *Derr Construction Co. v. Bennett,* Ky., 873 S.W.2d 824 (1994), a portion of the claimant's disability was found noncompensable. Yet the employer was still held responsible for any medical expenses related thereto. The court relied on the fact that KRS 342.020, which authorizes payment for medical expenses, provides no exemption in the case of medical bills due to either prior active disability or preexisting, dormant disability. *See also Young v. Terwort,* Ky., 459 S.W.2d 136 (1970).

As the ALJ's findings are supported by substantial evidence and the Board did not misconstrue controlling statutes or precedent, or commit an error in assessing the evidence so flagrant as to cause gross injustice, its decision is affirmed.

All concur.