## BRASCH–BARRY GENERAL CONTRACTORS
Appellant,

v.

Jeff JONES; Hon. Bonnie Kittinger, ALJ; and Workers' Compensation Board Appellees.

No. 2004–SC–1126–WC.

Supreme Court of Kentucky.

Oct. 20, 2005.

Walter E. Harding, Louisville, for Appellant.

W. Kenneth Nevitt, Nevitt Law Office, Counsel for Appellee–Employee, Jeff Jones, Louisville, Bonnie C. Kittinger, William P. Emrick, Executive Director, Office of Workers' Claims, Frankfort, for Appellees.

Opinion of the Court by Justice GRAVES.

Appellant, Brasch–Barry General Contractors, appeals from an order of the Court of Appeals which reverses a decision of the Workers' Compensation Board ("the Board"). The Court of Appeals found that Appellant did not properly preserve its claim of error for appeal. On direct appeal to this Court, we reverse the Court of

Appeals and remand the case for consideration on its merits.

On April 14, 2000, Jeff Jones suffered a back injury in the course of his employment with Appellant. Soon thereafter, Jones sought medical attention and filed for workers' compensation benefits. During a hearing to determine the extent of these benefits, medical evidence was introduced before Bonnie Kittinger, an administrative law judge ("ALJ"). The medical evidence consisted of testimony and/or reports from three doctors regarding the extent of Jones' workplace injury. Two of the doctors determined that Jones' condition qualified as a "DRE lumbar Category III" disability under the American Medical Association's Guides to the Evaluation of Permanent Impairment, Fifth Edition ("AMA Guides"). As a "Category III" disability, Jones' impairment rating could range between ten and sixteen percent (10–16%). These doctors assessed Jones at ten percent (10%) permanent impairment. One of the doctors, Dr. Gary Reasor, determined that Jones' condition qualified as a "DRE lumbar Category IV" disability under the AMA Guides. A "Category IV" disability would allow an impairment rating for Jones between twenty and twenty-six percent (20–26%). Dr. Reasor assessed Jones at twenty-six percent (26%) permanent impairment.

During cross-examination, Dr. Reasor conceded that Jones did not meet the textbook definition for a "Category IV" disability under the AMA Guides, but rather, his condition fell within the parameters of a "Category III" disability. However, Dr. Reasor maintained his conclusion of twenty-six percent (26%) total impairment for Jones, explaining that the category definitions in the AMA Guides are meant to be used solely as the name of the text implies, as a guide. He further surmised that the category definitions were perhaps flawed or incomplete in this instance. From this testimony, the ALJ made the following finding:

> Despite persistent and skillful cross-examination by the Defendant, Dr. Reasor steadfastly maintained that Plaintiff's permanent impairment was 26%. He insisted that the AMA *Guides* are only that, guidelines, not final authority. The ALJ, as a finder of facts, must depend on interpretation of the *Guides* by a medical professional. Based on Dr. Reasor's medical reports and deposition testimony, Plaintiff is found to have a 26% permanent impairment as the result of his work injury on April 14, 2000.

Without filing a petition for rehearing, Appellant appealed directly to the Board pursuant to KRS 342.285. The Board ruled that in order to comply with KRS 342.730(1)(b), impairment ratings must be determined in accordance with the category definitions contained in the AMA Guides. Since Dr. Reasor failed to base his impairment rating on the category definitions contained in the AMA Guides, the Board held that his finding of twenty-six percent (26%) permanent impairment was not, as a matter of statutory law, supported by substantial evidence. Based on this analysis, the ALJ's finding of twenty-six percent (26%) impairment was reversed and the case was remanded back to the ALJ for a determination which was consistent with the Board's opinion.

Pursuant to KRS 342.290, Jones appealed the Board's decision to the Court of Appeals. Finding "the issue on appeal in this case [to be] of a completely factual nature," the Court of Appeals reversed the Board's decision because it determined that the issue was ultimately unpreserved for review. It ruled that pursuant to *Eaton Axle Corporation v. Nally,* 688 S.W.2d 334 (Ky.1985), the Board could not address the issue unless Appellant timely filed a

petition for reconsideration in accordance with KRS 342.281. Because we find the Board's ruling to pertain to a question of law and not fact, we reverse the Court of Appeals' decision and remand for further proceedings.

The statute which directs the procedure for review in this case is KRS 342.285. KRS 342.285 grants parties the right to appeal ALJ decisions directly to the Workers' Compensation Board under the following conditions:

> An award or order of the administrative law judge as provided in KRS 342.275, *if petition for reconsideration is not filed* as provided for in KRS 342.281, *shall be conclusive and binding as to all questions of fact,* but either party may in accordance with administrative regulations promulgated by the commissioner appeal to the Workers' Compensation Board for the review of the order or award.

*Id.* (emphasis added). KRS 342.285 goes on to define the Board's duties on review, which have been summarized by this Court as follows:

> No new evidence may be introduced before the Board and *the Board may not substitute its judgment for that of the ALJ concerning the weight of evidence on questions of fact.* The scope of review of the Board is limited to determining whether the ALJ's decision was: authorized, not procured by fraud, in conformity with Chapter 342, supported by the evidence, and not arbitrary or capricious.

*Smith v. Dixie Fuel Company,* 900 S.W.2d 609, 612 (Ky.1995) (emphasis added).

 Pursuant to our interpretation of KRS 342.285 and the plain language contained therein, issues regarding questions of law need not be preserved pursuant to a petition for reconsideration, but rather, may be appealed directly to the Board.

The decision in *Eaton Axle, supra,* is completely consistent with the review procedures set forth in KRS 342.285 since it merely requires that a petition for reconsideration be filed in accordance with KRS 342.281 whenever the complaining party wishes to preserve a question of fact for appellate review. *Id.* at 338 ("The purpose of this rule is to require that all justiciable issues are disposed of before the appellate process begins.")

 In this case, the Court of Appeals classified the Board's ruling as being "of a completely factual nature." However, in *Whittaker v. Reeder,* 30 S.W.3d 138 (Ky. 2000), we reiterated that it is the Board's province on appeal to ensure that ALJ decisions are in conformity with Chapter 342 (the Workers' Compensation Act) and that such determinations constitute questions of law, and not fact. *Id.* at 144. The Board's decision squarely and appropriately construed the intent of KRS 342.730 and was not based on any factual considerations (such as credibility or weight to be attributed to the evidence) determined by the ALJ. Accordingly, the issue was one of law and did not require Appellant to first file a petition for reconsideration pursuant to KRS 342.281 in order to preserve it for review before the Board. Since the issue was appropriately preserved, the Board did not err in addressing its merit.

The decision of the Court of Appeals is reversed; and the case is remanded for consideration on its merits.

All concur.

WINTERSHEIMER, J., concurs in result only.