# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: March 20, 2008
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2007-SC-000247-WC

DATE April 10,08 Exia Crout, D.C.

KROGER                                                                APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                          2006-CA-001875-WC
WORKERS' COMPENSATION NO. 05-01030

NONDA JAMES;
HON. JOHN B. COLEMAN,
ADMINISTRATIVE LAW JUDGE AND
WORKERS' COMPENSATION BOARD                                           APPELLEES

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

KRS 342.035(3) prohibits compensation insofar as disability is aggravated, caused, or continued by a worker's unreasonable failure to follow competent medical advice. KRS 342.165(2) prohibits compensation in certain instances where a worker made a false representation on the employment application.

An Administrative Law Judge (ALJ) rejected arguments that the claimant's application for benefits must be dismissed based on her failure to follow medical advice concerning an injury sustained in a previous employment and her failure to reveal the injury and permanent restrictions on her employment application. Convinced that an unreasonable failure to adhere to medical restrictions after a previous injury would permit KRS 342.035(3) to be applied to the claim for the subsequent injury, the

Workers' Compensation Board (Board) vacated in part and remanded for further consideration. The Court of Appeals determined that the evidence did not compel a decision for the employer on either issue and affirmed. We affirm.

The claimant was born in 1943 and has a twelfth-grade education with no specialized or vocational training. Her most recent employments include work in shipping/receiving at Dillard's department store and as a cashier at Dairy Mart and Family Dollar Store. At issue is an injury that occurred subsequently during work at a Kroger grocery store.

The claimant testified that she was involved in an automobile accident in 1999 in which she sustained a broken wrist, cracked sternum, ten broken ribs, and a T5 compression fracture. Later that year, she injured her back while lifting boxes at Dillard's and experienced pain in her low back and in the lower portion of her mid-back. After undergoing surgery, she returned to work with restrictions against lifting more than 20 pounds, repetitive twisting or turning, and excessive walking. She stated that Dillard's failed to honor the restrictions; thus, she re-injured her back and underwent a second surgery. The claimant testified that Dr. Hodes made the restrictions permanent in an attempt to get Dillard's to offer her lighter work but that Dillard's placed her on medical leave.

Dr. Hodes' records indicated that he performed surgery for a compression fracture at L1 and later did so for compression fractures at T6 and T9. Based on the sequence of events and diagnostic imaging, he related the fractures to the claimant's work at Dillard's. In October 2000, he diagnosed osteoporosis and lumbar strain and noted that surgery had provided excellent resolution of the acute discomfort from the

2

fractures. He also noted that the claimant would have permanent restrictions against lifting more than 20 pounds and against repetitive bending and twisting. Records from the Office of Workers' Claims indicated that the parties later agreed to settle a claim for thoracic and lumbar strains for a period of temporary total disability as well as a lump sum that was based on a 12% disability.

The claimant testified that she did not understand that the permanent restrictions would remain with her in subsequent employments. She stated that she worked outside the restrictions when unloading trucks and filling coolers in her subsequent job at Family Dollar Store. She left that job due to a non-work-related medical condition and began working for Kroger as a cashier in 2003. Among other things, she scanned items, operated a cash register, and performed general cleaning, such as mopping and cleaning rest rooms. She testified that she lifted cases of soft drinks and water frequently and that the heaviest things that she lifted were fifty-pound bags of dog food. The claimant stated that she was able to perform all of her duties with no problems except an occasional backache.

The claimant's application for benefits alleged that she lifted some cases of soft drinks and water on February 19, 2005, after which she felt something snap between her shoulder blades and also felt a burning pain. She sought medical attention four days later and continued to work on light duty for about a month before being placed on medical leave. She stated that her pain was similar to what she experienced in 1999 but more severe.

Attached to the hearing transcript was a copy of the application that the claimant completed on November 22, 2003 for a position as a cashier/bagger. A section entitled

3

"ESSENTIAL JOB FUNCTIONS," stated as follows:

> The work for which you are applying may involve one or
> more of the following job requirements: lifting, pushing,
> pulling or extending above the head items weighing 25 lbs.
> or more; lifting, bending and turning at the waist
> simultaneously; standing or walking at least two hours at a
> time; operating mechanical equipment; exposure to
> temperature extremes. (If you do not know, please inquire
> about whether any of these are essential functions of the
> position for which you are applying.)
>
> Can you perform the essential job functions of the position
> for which you are applying with or without reasonable
> accommodation?
>
> Yes _____ No _____

The claimant checked "Yes." The application contained no specific place to report previous injuries, but the claimant did indicate that Dillard's laid her off after placing her on medical leave for a limited period of time that expired.

Susanne Savage, the Kroger office manager, testified that she hired new employees and conducted job orientation. She stated that the claimant failed to report the previous injuries or any restrictions concerning her back at the interview. She reported only that she had left her last employment due to a medical problem. Savage stated that she was not aware of a previous injury and would not have hired the claimant had she known of the restrictions. She testified that cases of cola weighed 20.89 pounds and that cases of water weighed 27.5 pounds.

On cross-examination, Savage acknowledged that she did not ask specifically about previous injuries or permanent restrictions. She also acknowledged that the claimant was able to perform all of her duties until she was injured. Savage explained that she allowed the claimant to work within her restrictions after the alleged injury until

4

Kroger obtained her previous medical records and determined that the back condition was not due to her work.

Kroger raised two defenses. First, it asserted that the claim must be dismissed under KRS 342.035 because the present injury resulted from an unreasonable failure to comply with the restrictions imposed after the 1999 injuries. Second, it asserted that the claim must be dismissed under KRS 342.165(2) because the claimant failed to report her permanent restrictions on her employment application. The ALJ rejected both arguments and awarded income and medical benefits.

### KRS 342.035(3)

KRS 342.035(3) states, in pertinent part, as follows:

> No compensation shall be payable for the . . . disability of an employee . . . insofar as his disability is aggravated, caused, or continued, by an unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice.

The ALJ concluded that KRS 342.035 did not apply, noting the absence of any evidence that the claimant failed to follow medical advice after the injury at Kroger or of any evidence that the previous compression fractures worsened due to her failure to comply with the work restrictions. Moreover, the ALJ found the claimant's testimony that she thought the restrictions applied only to her attempt to obtain light-duty work at Dillard's to be credible.

Kroger asserted on appeal that the ALJ interpreted KRS 342.035(3) too narrowly. It argued that the restrictions assigned after the claimant's previous back injury continued to apply to her employment at Kroger. The Board agreed. It found the statute to be unambiguous and considered Allen v. Glenn Baker Trucking, Inc., 875

5

S.W.2d 92, 94 (Ky. 1994), to be authority for the principle that a worker's unreasonable failure to follow competent medical advice after a previous injury may be a proper basis to deny compensation in the claim for a subsequent injury. The Board concluded that the ALJ committed a legal error by failing to analyze the evidence under Luttrell v. Cardinal Aluminum Co., 909 S.W.2d 334 (Ky. App. 1995). On that basis, it vacated the decision regarding KRS 342.035 and remanded the claim for further analysis.

Kroger argues that the Board erred by remanding the claim rather than determining that the evidence compelled a favorable finding under KRS 342.035. Although the claimant maintains that Kroger's failure to petition for reconsideration bars its present argument, Bullock v. Goodwill Coal Co., 214 S.W.3d 890, 893-94 (Ky. 2007), and Brasch-Barry General Contractors v. Jones, 175 S.W.3d 81 (Ky. 2005), explain that a petition is unnecessary to preserve a legal question for the Board's review.

KRS 342.285(1) designates the ALJ as the finder of fact. It limits the Board to reviewing the decision for legal errors, i.e., whether the ALJ's action was authorized, was the product of fraud, was in conformity with Chapter 342, was clearly erroneous under "the reliable, probative, and material evidence contained in the whole record," or was arbitrary and capricious, an abuse of discretion, or a clearly unwarranted exercise of discretion. KRS 342.290 limits the scope of review by the Court of Appeals to that of the Board and to allegations of legal errors by the Board.

Luttrell v. Cardinal Aluminum Co., supra, explains that KRS 342.035(3) requires an ALJ to consider three factors: 1.) whether the worker failed to follow medical advice; 2.) whether the failure was unreasonable; and 3) whether the unreasonable failure to follow medical advice caused the disability for which compensation is sought. Contrary

to what Kroger would have us believe, this is not a case in which the evidence clearly requires a decision for either party. Thus, the Board committed no legal error in remanding the claim to the ALJ for further analysis.

KRS 342.165(2)

KRS 342.165(2) states as follows:

> No compensation shall be payable for work-related injuries if the employee at the time of entering the employment of the employer by whom compensation would otherwise be payable falsely represents, in writing, his physical condition or medical history, if all of the following factors are present:
>
> (a) The employee has knowingly and willfully made a false representation as to his physical condition or medical history;
>
> (b) The employer has relied upon the false representation, and this reliance was a substantial factor in the hiring; and
>
> (c) There is a causal connection between the false representation and the injury for which compensation has been claimed.

The ALJ determined that KRS 342.165(2) did not apply, noting that the claimant stated on her employment application that she could perform the duties of a cashier and that she did so for a year and three months. Convinced that the claimant did not understand that the restrictions her physician imposed after the previous injury remained in effect after she left Dillard's, the ALJ determined that she did not knowingly and willfully make a false representation. The ALJ acknowledged that Kroger may have relied on her statement that she could perform the duties of a cashier but found no causal connection between the previous injuries at T5, T6, T9, and L1 and the new and distinct injury at T3.

As the party seeking to prove that KRS 342.165(2) barred compensation, Kroger

7

had the burden to prove every element of the defense but failed to convince the ALJ. As explained in Special Fund v. Francis, 708 S.W.2d 641, 643 (Ky. 1986), Kroger's burden on appeal is to show that the decision was unreasonable in view of the evidence. Kroger asserts that overwhelming evidence showed that the claimant failed to reveal her previous injuries and restrictions, that she would not have been hired had she done so, and that her failure to do so bore a causal relationship to her injury.

KRS 342.165(2) requires an employer to prove the factors listed in subsections (2)(a), (2)(b) and (2)(c). It also requires a false representation concerning a worker's physical condition or medical history to be written. Thus, it does not include oral statements that a worker makes during an interview. Nor does it require a worker to volunteer information that the application fails to request.

The application that the claimant completed did not request information concerning previous injuries or restrictions, and nowhere on the application did she state that she had no previous injuries or restrictions. The application listed various requirements that an individual might have to perform but did not list the essential functions of a cashier's position. It directed the applicant to inquire about the essential functions of the desired position. The claimant indicated on the application that she was able to perform the essential functions of a cashier/bagger "with or without accommodation." Such evidence did not compel a finding that she knowingly and willingly made a false representation, in writing, concerning her physical condition or medical history.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

8

COUNSEL FOR APPELLANT,
KROGER:

JOEL W. AUBREY
POHL, KISER & AUBREY, P.S.C.
303 NORTH HURSTBOURNE PARKWAY
SUITE 110
LOUISVILLE, KY 40222-5143


COUNSEL FOR APPELLEE,
NONDA JAMES:

CHARLES E. JENNINGS
JENNINGS LAW OFFICE
239 SOUTH FIFTH STREET
SUITE 412
LOUISVILLE, KY 40202