George R. WAGONER, acting Commissioner of Labor, etc., Appellant,

v.

Basil HOPKINS et al., Appellees.

Court of Appeals of Kentucky.

Oct. 3, 1975.
Rehearing Denied Feb. 6, 1976.

John L. Pendley, Earl M. Cornett, Dept. of Labor, Frankfort, for appellant.

C. Kilmer Combs, Kelsey E. Friend, Baird & Baird, Pikeville, G. Edward James, Acting Director, Workmen's Compensation Board, Dept. of Labor, Frankfort, for appellees.

VANCE, Commissioner.

The appellee, Basil Hopkins, was afflicted with pneumoconiosis in 1968 and was so advised by his physician. At that time he was employed by Madge Creek Coal Company. Despite knowledge that he had contracted the disease, he continued working in the mines until February 5, 1970. On February 5, 1970, he was injured and did not work again until August 2, 1970, when he returned to the mines as an employee of Lawson & Jones Coal Company. He worked for that company until December 23, 1971 when he commenced work for the appellee, Mountain View Coal Company, and he worked for Mountain View until June 21, 1972, at which time he became unable to work by reason of his pneumoconiosis.

The record does not show that he gave notice of disability until he filed his application for benefits on March 7, 1973, in which he named as defendants the Mountain View Coal Company, Ratliff Coal Company and the Special Fund.

Notice of resistance of claim was filed by the employer-defendants and three defenses were presented by a special answer. They were (1) the claim was barred by statute of limitations KRS 342.316(3); (2) the notice required by KRS 342.316(2) was not given; and (3) claimant was not exposed to the hazards of the occupational disease for at least two years immediately before his claimed disability. KRS 342.316(4).

The Special Fund filed a notice of resistance of the claim.

The deposition of the plaintiff was taken on August 10, 1973. The Special Fund was not represented at the taking of the deposition. Counsel for the claimant and counsel for the employer-defendants stipulated that due and timely notice of the plaintiff's claim was given to the employer.

The board dismissed the claim for failure to give timely notice of disability despite the stipulation. By reason of the dismissal it was unnecessary for the board to consider the other defenses or the claim on its merits.

On appeal to the Pike Circuit Court, the stipulation as to notice was held to remove the question of notice as an issue and the matter was remanded to the board for a determination of the other issues. The Special Fund appeals.

■ The Special Fund was not a party to the stipulation and the stipulation is not binding upon it. KRS 342.316(2) requires only that notice be given to the employer. Notice to the Special Fund is not required. Nevertheless in cases where the disability cannot be proved to have resulted entirely as a consequence of the last employment most, if not all, of the compensation is required to be paid by the Special Fund.

We see no reason why the Special Fund is not entitled to insist upon compliance with all procedural steps required by statute including the giving of timely notice. Cf. *Yocom v. Harrison,* Ky., 517 S.W.2d 231 (1974). The employer, who will bear little or no monetary liability under the statute, should not be permitted to waive compliance with the statute or to bind the Special Fund by a stipulation to which it was not a party.

■ There was no evidence in the record that timely notice was given. The dismissal of the claim against the Special Fund was proper. As to the employer, we regard the stipulation as binding and the matter should be remanded to the board for a determination on the merits as to the liability, if any, of the employer.

The judgment is affirmed in part and reversed in part with directions that a new

judgment be entered in conformity with this opinion.

All concur except LUKOWSKY, J., not sitting.