**William Brittingham MENGEL,**
**Appellant,**

v.

**HAWAIIAN–TROPIC NORTHWEST AND CENTRAL DISTRIBUTORS, INC. and/or Don Faughn Enterprises, Inc.; Meridian Mutual Insurance Co.; and the Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

June 12, 1981.

Thomas H. Watson, Louisville, for appellant.

Wm. Donald Overbey, Overbey & Overbey, Murray, for appellees.

REVERSING WITH DIRECTIONS

Before LESTER, McDONALD and REYNOLDS, JJ.

McDONALD, Judge:

This is a Workers' Compensation case in which the trial court affirmed the board's denial of the appellant's claim of occupational disability due to a back injury.

The appellant claims to have initially injured his back in June of 1976, when he stepped into a hole in the floor of the appellee's warehouse while moving a pallet loaded with merchandise. His left leg was cut as it went through the floor. Dr. Gordon, a general practitioner, examined him, treated the leg, diagnosed back sprain and prescribed a conservative course of physical therapy and medication which lasted about four months. The appellant did not file a claim for Workers' Compensation but his employer paid his medical expenses.

The appellant continued to work for Hawaiian-Tropic until December of 1976. He states that a nagging pain persisted from the time of the accident and that his left leg remained generally weaker than the right.

After he quit working for Hawaiian-Tropic, he worked at assorted odd jobs. In March of 1978, he slipped on ice, caught himself and pulled a muscle in his leg. He immediately consulted Dr. Gordon complaining of leg and back pain and the doctor reinstituted ultrasound, whirlpool and other forms of physical therapy. He referred the appellant to a neurosurgeon, Dr. Noonan, who ordered a myelogram. The test revealed a ruptured disc; Dr. Noonan recommended surgery. Upon a second concurring medical opinion, the appellant submitted to surgery by a Dr. Jelsma on April 7, 1978. He filed the claim that is the subject of this appeal on April 13, 1978.

The problem presented to the board was essentially one of medical causation; i. e., was there a relationship between the first work related injury and the disc rupture? The medical testimony before the board consisted of the depositions of Drs. Gordon and Jelsma. Dr. Gordon stated that it was possible that the first injury contributed to the disc problem. Dr. Jelsma thought that the first injury did "play some role and was a contributing factor to the ruptured disc." The appellant's history of pain suggested to him that the first injury caused a slight rupture of the disc which was worsened by

the second slip. He estimated that fifty percent of the appellant's total injury was attributable to the slip and fall in June, 1976, and that fifty percent was attributable to the slip in February, 1978.

No other medical testimony was offered and the board dismissed the claim. The board concluded that it was the later slip that caused the disc problem, and as that did not occur in a work related setting, the injury was noncompensable. The circuit court found adequate and competent evidence to support the board's order and affirmed.

The scope of review for this court in Workers' Compensation cases as set out in K.R.S. 342.290 includes all matters subject to the circuit court's review. Under K.R.S. 342.285(3)(a)–(e), the circuit court's review is limited to certain determinations, including whether the board's order is clearly erroneous on the basis of the reliable, probative and material evidence contained in the whole record. The appellant's first argument is that the board's finding that the appellant had sustained merely a leg injury is clearly erroneous. In finding No. 2 the board stated:

> Plaintiff alleges that on June 29, 1976, he was working in defendant's warehouse when he stepped into a hole in the floor sustaining a laceration of the left leg. Plaintiff saw Dr. Wendell Gordon for his leg injury but made no claim for any temporary total disability benefits for this particular injury.

The appellant also disputes finding No. 4 and argues that the board arbitrarily rejected uncontradicted medical evidence and reached an erroneous conclusion. The board stated:

> Plaintiff presently works as a carpenter and sustained no temporary, total disability from his June 1976, injury and we further conclude that the testimony of Dr. Wendell Gordon or Dr. Richard Jelsma does not persuade the board that the plaintiff's back surgery was a result of his stepping in the hole incident on June 29, 1976. We believe from the evidence that it was probably caused by plaintiff's

slipping incident on the ice and snow in February or March of 1978, which was a non work related injury and is noncompensable.

Based on a review of the record it is our opinion that the two findings cited above were in error. While the record supports finding No. 2 as far as it goes, the finding misrepresents the situation by omitting any reference to the claimant's back injury. In his deposition, Dr. Gordon summarized his early encounters with the patient as follows:

> I didn't see him until 7–2–76. . . . he had fallen through a floor with his left leg about four weeks ago and was having pain in his leg and back . . . . I treated him with physical therapy consisting of muscle stimulation and heating pad at home and aspirin and an antihistamine . . . . On the 14th of July, 1976 . . . he had a cramping in his thigh moving down the calf of his leg; and he was treated with physical therapy as before . . . and he was scheduled for workup the next day on 7–15–76. Diagnosis was sprained back . . . and he was continued with heat treatments to his back and ultrasound treatment to his back and some more muscle relaxants to take at bedtime; and I gave him 30 capsules of Darvon.

The course of treatment described by the doctor obviously went to a back injury, not the cut on the leg.

As for the finding against causation, all the medical evidence supports a finding that the initial trauma was causally related to the disc herniation. We have reviewed the testimony and found that Dr. Gordon's testimony on causation was cautious, but did not conflict with Dr. Jelsma's opinion that the first injury was a substantial factor contributing to the claimant's need for surgery after the second. There are some situations in which a board decision will be upheld on review when the board has made findings contradicting the medical testimony. Those cases usually involve matters of observable causation where the doctors have testified negatively and the board has found causation. *See* 3

Larson, *Workmen's Compensation Law* § 79.52 (1981). There are also situations in which the board may ignore medical testimony and rely on lay testimony and its own expertise. But when the question is one properly within the province of medical experts, the board is not justified in disregarding the medical evidence. *See* 3 Larson, *supra*, § 79.54. Especially in this case, where the causal relationship is not apparent to the layman and where there has been a lapse of time between the initial trauma and the disc operation, we think that the board's decision, based on its own observations and contrary to the medical evidence, was improper. We find no competent substantial evidence to support the board's finding that no causal connection existed between the 1976 injury and the subsequent herniated disc. Dr. Gordon's testimony in no way contradicts that of Dr. Jelsma who testified positively on causation. *Teague v. South Central Bell*, Ky.App., 585 S.W.2d 425 (1979), *Watts and Williams Drilling Company v. Slone*, Ky., 437 S.W.2d 723 (1969).

In order for this court to reverse the findings of the board unfavorable to the claimant and upon which he had the burden of proof, the test is whether the evidence compelled a finding in his favor. *Wagoner v. Smith*, Ky., 530 S.W.2d 368 (1975). This is such a case. The judgment below is reversed with directions to the circuit court to set it aside and remand the case to the board for further proceedings.

All concur.