Emanual OSBORNE, Appellant,

v.

PEPSI–COLA; Larry Beale, Director of Special Fund; Donna H. Terry, Administrative Law Judge; and The Workers' Compensation Board, Appellees.

No. 90–SC–806–WC.

Supreme Court of Kentucky.

Sept. 26, 1991.

**644**

Melbourne Mills, Jr. Law Office, Versailles, for appellant.

Thomas G. Mooney, Mackenzie & Peden, P.S.C., Louisville, for appellee Pepsi–Cola.

Denis S. Kline, Labor Cabinet, Louisville, Cathy Utley Costelle, Louisville, for special fund.

CHARLES E. MOORE, Special Justice.

Emanuel Osborne filed an application for workers' compensation benefits alleging he sustained an injury arising from his employment with Pepsi–Cola. At the prehearing conference the parties stipulated plaintiff sustained a work-related injury.

Nonetheless, the evidence adduced by Mr. Osborne addressed in part whether his injury resulted from his employment. Also, his brief to the administrative law judge stated, "The defendant-employer has denied all aspects of Mr. Osborne's claim, feeling there was no work relation...."

The administrative law judge issued an opinion and award without referring to the parties' stipulation. The judge found no work-related injury and dismissed the claim.

Mr. Osborne filed a petition for reconsideration pursuant to KRS 342.281 and argued the evidence required a finding that his injury was work-related. In the petition he never mentioned the parties' stipulation. The administrative law judge denied the petition for reconsideration.

Mr. Osborne appealed to the Workers' Compensation Board and, for the first time, contended the stipulation bound the administrative law judge to find his injury was work-related. Also, he continued arguing the evidence required finding his injury arose out of his employment.

The Workers' Compensation Board concluded Mr. Osborne waived his right to rely on the stipulation and refused to enforce it. The Board further ruled the evidence did not compel the finding of a work-related injury.

Following Mr. Osborne's unsuccessful appeal to the Court of Appeals, we granted discretionary review to consider whether the Workers' Compensation Board erred by not applying the stipulation and whether the evidence compelled finding the injury work-related. First, we will consider the stipulation issue.

■ Initially we note KRS 342.270 encourages stipulation of facts not in dispute to aid in the disposition of workers' compensation claims in a summary and efficient fashion. The regulations of the Workers' Compensation Board infuse stipulations with strength. One may obtain relief from a stipulation only by motion and showing good cause. 803 KAR 25:011.

Neither party moved to set aside the stipulation. Thus, the parties and the administrative law judge were bound by the stipulation. *Wagoner v. Hopkins,* Ky., 531 S.W.2d 511 (1975). The question remains whether the Workers' Compensation Board properly refused to correct the error of the administrative law judge in overlooking the stipulation.

■ Under the new statutory scheme the administrative law judge is the finder of fact. KRS 342.275 and KRS 342.285. The Workers' Compensation Board is an administrative appellate body. KRS 342.-285(1). KRS 342.285(2) limits the Board's scope of review.

Although not unique, only a few jurisdictions employ limited administrative appellate review in workers' compensation actions. 3 Larson's *Workmen's Compensation Law,* §§ 80.12(c)(1), 80.12(c)(5) (1989, 1990 Cum.Supp.). Where utilized, the judiciary sanctions strict adherence to the legislatively defined roles of the fact finder (administrative law judge) and the appellate body (Workers' Compensation Board). *Nord v. City of Cook,* 360 N.W.2d 337 (Minn.1985). We discern no impediment to

the legislature's discretion to select such a structure and an obligation on our part to give it the effect intended by the legislature.

KRS 342.285(2) confines the Workers' Compensation Board to determining whether:

(a) The administrative law judge acted without or in excess of his powers;

(b) The order, decision or award was procured by fraud;

(c) The order, decision or award is not in conformity to the provisions of this chapter;

(d) The order, decision or award is clearly erroneous on the basis of the reliable, probative and material evidence contained in the whole record; or

(e) The order, decision or award is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

■ Our jurisprudential system embodies a fundamental concept that one waives error at the trial level by failing to properly and timely object or otherwise bring the error to the attention of the trier of fact. We diversely apply the principle to composition of the jury, *Rankin v. Blue Grass Boys Ranch*, Ky., 469 S.W.2d 767 (1971), evidence, *Blakeman v. Joyce*, Ky., 511 S.W.2d 112 (1974), instructions, *Mapother and Mapother v. Douglas*, Ky., 750 S.W.2d 430 (1988), etc. The doctrine extends to administrative law. 2 Am.Jur.2d, *Administrative Law*, § 724 (1962, 1991 Cum. Supp.); *Clemons v. Kentucky Alcoholic Beverage Control Board*, Ky., 443 S.W.2d 226 (1969).

■ However, in informal proceedings such as workers' compensation actions, administrative agencies should hesitantly rely on any principle to excuse correctable error. On the other hand, a party neither by action nor inaction should induce the administrative trier of fact to commit error and then be heard to complain of it on appeal. After all, workers' compensation actions are adversarial proceedings where customarily parties hire lawyers to protect their interests, as opposed to relying on a paternalistically conducted proceeding.

Professor Larson frames the opposing policy consideration succinctly, "the theme pervading much of the adjectival law of workmen's compensation is the necessity of striking a balance between relaxation of rules to prevent injustice and retention of rules to ensure orderly decision making and protection of fundamental rights." 3 Larson, *Workmen's Compensation Law*, § 77A.83 (1989, 1990 Cum.Supp.).

In this case, after entering into the stipulation, Mr. Osborne: (1) adduced evidence on the issue forming the basis of the stipulation; (2) listed work-relatedness as an issue in his brief; and (3) did not mention the stipulation in his petition for reconsideration. When all these occurrences converge in a case, a party cannot be heard to complain that the administrative law judge failed to enforce the stipulation on administrative appeal. Under these circumstances, he cannot challenge the administrative law judge's action on the basis that it exceeded his or her power, is not in conformity with the statutes or was arbitrary or capricious.

Mr. Osborne primarily bases his claim that the Workers' Compensation Board should have redeemed him from his somnolence on *Eaton Axle v. Nally*, Ky., 688 S.W.2d 334 (1985). He claims *Eaton Axle* teaches errors need merely be raised at the administrative level to preserve judicial reviewability. That analysis overlooks the ramifications of the revision of our workers' compensation system.

■ When we decided *Eaton Axle*, the Workers' Compensation Board decided claims. Then, we held patent errors must be addressed to the Workers' Compensation Board via a petition for reconsideration. Now, under appropriate circumstances, a petition for reconsideration must bring patent errors on the face of an award to the attention of the administrative law judge. Absent a petition for reconsideration, the administrative law judge's findings shall be conclusive and binding on all questions of fact. KRS 342.285(2).

■ This procedure resulted from the salutary motivation to allow the adminis-

trative law judge to correct those errors that can be expected to be corrected without an appeal to the Workers' Compensation Board. The petition for reconsideration provides no second bite of the apple. However, when the administrative law judge overlooks a stipulation of fact, a party by a petition for reconsideration must point out the mistake or be bound by the administrative law judge's findings of fact on that issue, irrespective of the stipulation.

■ This brings us to the second question presented. Was the administrative law judge's conclusion that Mr. Osborne did not suffer a work-related injury "clearly erroneous on the basis of the reliable, probative and material evidence contained in the whole record" regardless of the stipulation?

Mr. Osborne deposed two well-credentialed neurosurgeons, Drs. Philip A. Tibbs and Robert F. Sexton. Both expressed opinions about causation.

Dr. Tibbs testified that approximately eight years before the incident Mr. Osborne now complains about, he underwent surgery to repair a herniated disc. Intermittent back pain plagued Mr. Osborne since the surgery.

When Dr. Tibbs saw Mr. Osborne on November 17, 1987, Mr. Osborne reported experiencing back and neck pain since hearing a pop in his back while picking up a rack of bottles at his job on October 9, 1987. Dr. Tibbs performed surgery which confirmed his pre-operative diagnosis of intervertebral disc herniation.

Regarding the relationship between Mr. Osborne's work and his injury the doctor stated, "from the history I obtained, the patient became symptomatic from recurrent disk herniation as a result of the work injury of October 9, 1987."

Dr. Sexton examined Mr. Osborne on June 30, 1988, and received a history similar to that given Dr. Tibbs. Dr. Sexton opined Mr. Osborne's back problem was consistent with the history of work injury obtained from Mr. Osborne.

Both doctors relied solely on Mr. Osborne's recitation of the work incident on October 9, 1987, to form their opinions about causation. However, other evidence tends to impeach the account related by Mr. Osborne.

Mr. Osborne left work on October 9, 1987, complaining to his supervisor of sickness. He did not report an injury that day. He first sought medical attention on October 12, 1987, at the St. Joseph Hospital emergency room complaining of low back pain for two days but related "no known injury".

Mr. Osborne telephoned his supervisor on Monday, October 12, and Wednesday, October 14, without ever complaining of an injury at work.

The administrative law judge found Mr. Osborne's testimony contradictory. When she considered his extensive history of back problems and the evidence impeaching his testimony of a work-related injury on October 9, 1987, she concluded his injury did not arise out of his employment.

Mr. Osborne argues the uncontradicted physicians' opinions compel a finding of a work-related injury. He relies on *Mengel v. Hawaiian–Tropic Northwest & Central*, Ky.App., 618 S.W.2d 184 (1981), for the proposition that the administrative law judge may not disregard medical evidence and is bound by uncontradicted physicians' opinions.

*Bullock v. Gay*, 296 Ky. 489, 491, 177 S.W.2d 883, 885 (1944), one of the early cases to discuss the effect of uncontradicted testimony, stated:

> The general rule in respect to the weight to be accorded uncontradicted testimony is: If the witness is disinterested, and in no way discredited by other evidence, and the testimony is as to a fact not improbable or in conflict with other evidence, and is within his own knowledge, such fact may be taken as conclusive.

■ A physician's conclusions may be based upon firsthand knowledge, such as his own examination or tests of the patient, or upon secondhand knowledge, such as the patient's statements or reports performed

by others. Here the doctors explicitly based their causation opinions on the history elicited from Mr. Osborne. When a medical opinion is based solely upon history, the trier of fact is not constricted to a myopic view focusing only on the physicians' testimony. Other testimony bearing on the accuracy of the history may be considered. After all, funneling a statement through a second party provides no additional credibility enhancement. The recitation of a history by a physician does not render it unassailable. If the history is sufficiently impeached, the trier of fact may disregard the opinions based on it. *See,* Michael M. Martin, *Basic Problems of Evidence,* Vol. 2, at 361 (6th ed. 1988). After all, the opinion does not rest on the doctor's own knowledge, an essential predicate to make uncontradicted testimony conclusive. *Bullock v. Gay, supra.*

Mr. Osborne said nothing to his supervisor about being injured on the day the injury supposedly occurred. Rather he claimed sickness as his reason for leaving work. When he first reported for treatment, he specifically stated there was no known injury. He later called his employer on two occasions, but voiced no complaint of injury at work. He presented an extensive history of back problems. The trier of fact questioned his credibility. We hold under the circumstances it cannot be said the evidence was so overwhelming to compel a finding in Mr. Osborne's favor. *Paramount Foods, Inc. v. Burkhardt,* Ky., 695 S.W.2d 418 (1985).

The decision of the Court of Appeals is affirmed.

All concur, except REYNOLDS, J.

All sitting, except REYNOLDS, J., not sitting.