Wilbert WEBB, Appellant,

v.

WOLF CREEK COLLIERIES; Ronald May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 92–CA–001001–WC.

Court of Appeals of Kentucky.

July 23, 1993.

As Modified Aug. 6, 1993.

John David Preston, Perry & Preston, Paintsville, for appellant.

Paul E. Jones, Baird, Baird, Baird & Jones, P.S.C., Pikeville, for appellee, Wolf Creek Collieries.

Before HUDDLESTON, JOHNSON and STUMBO, JJ.

STUMBO, Judge:

This appeal arises from a workers' compensation claim for retraining incentive benefits (RIB) filed by Appellant, Wilbert Webb (hereinafter "Webb"). Appellee, Ronald May, Administrative Law Judge (hereinafter "ALJ"), awarded Webb RIB benefits. Webb's employer, Appellee, Wolf Creek Collieries (hereinafter "Employer"), appealed on the merits to the Workers' Compensation Board (hereinafter "Board"). The Board affirmed on the merits, but nonetheless felt compelled to reverse because the record established that Webb had submitted only one (1) x-ray instead of the two (2) required by the statute. *See* KRS 342.732(1)(a). Webb has now appealed to this Court, and after reviewing the record and the law, we must reverse the Board.

In order for a claimant to be entitled to a RIB award, the presence of pneumoconiosis must be "validated by two (2) x-rays." KRS 342.732(1)(a). In this case, the record establishes that the doctors' reports introduced by Webb are all based upon an x-ray dated December 3, 1990, with an identification number 24609, taken at Highlands CAT Scanning. Thus, from the record it is clear that Webb's pneumoconiosis is validated by only one x-ray, albeit read as positive by three different physicians. We are aware of Webb's affidavit filed with his petition for review in this Court, which attempts to establish that three identical x-rays were taken and mailed to Webb's doctors. Since we cannot consider matters outside the record, we cannot address the affidavit on its merits. Consequently, we agree with the Board that Webb's proof before the ALJ was fatally flawed.

However, the Employer never raised the issue. It was not mentioned in the initial proceedings before the ALJ, in the Employer's petition for reconsideration before the ALJ, nor in the Employer's appeal to the Board. In fact, the Employer has not filed any response in this Court to Webb's appeal. Since the issue was not properly preserved, and there has been no sugges-

tion of any jurisdictional defects, the Board could not address it, nor can we. *Osborne v. Pepsi–Cola*, Ky., 816 S.W.2d 643, 644–46 (1991). As a result, the ALJ's award must be reinstated.

For the reasons set forth above, we reverse the Board's opinion, and remand for reinstatement of the ALJ's award.

JOHNSON, J., concurs.

HUDDLESTON, J., dissents.