Jeroney SMITH, Appellant,

v.

DIXIE FUEL COMPANY; Vicki G. Newberg, Acting Director of Special Fund; W. Bruce Cowden, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94–SC–623–WC.

Supreme Court of Kentucky.

July 6, 1995.

Sidney B. Douglass, Harlan, for appellant.

Gayle G. Huff, Harlan, for appellee Dixie Fuel Co.

David Randall Allen, Labor Cabinet—Sp. Fund, Louisville, for appellee Newberg.

## OPINION OF THE COURT

Claimant sought compensation benefits, alleging two work-related injuries. One injury occurred in 1989 and the other in 1990. The Administrative Law Judge (ALJ) determined that claimant was 100% occupationally disabled. Of that disability, the ALJ determined that 20% was caused by the 1989 injury which was time-barred and, therefore, noncompensable; 40% was caused by the 1990 injury, alone, and was the liability of the employer; and 40% was due to the arousal of a previously dormant condition by the 1990 injury and was the liability of the Special Fund. No petition for reconsideration was filed.

On appeal to the Workers' Compensation Board (Board), claimant presented the following alternative arguments: 1.) the 1989 claim was not time-barred; 2.) regardless of the 1989 injury, the 1990 injury caused 100% disability; and 3.) the award for the compensable 80% of his disability was erroneously calculated pursuant to KRS 342.730(1)(b) rather than KRS 342.730(1)(a). Neither defendant disputed claimant's assertion that the ALJ's calculation of the award was erroneous. The Special Fund did not dispute the alleged error in calculation but asserted only that the error could not be corrected because it had not been brought to the attention of the ALJ by means of a petition for reconsideration. *Eaton Axle Corporation v. Nally,* Ky., 688 S.W.2d 334 (1985).

The Board affirmed the ALJ on the first two issues. Furthermore, the Board determined that because claimant had failed to file a petition for reconsideration of the ALJ's patent error in calculating the award, the

Special Fund was correct in its assertion that the issue could not be addressed on appeal. The Board's decision was affirmed by the Court of Appeals in an opinion which adopted the opinion of the Board. This appeal followed.

KRS 342.281 was amended, effective April 4, 1994, while this case was under submission before the Court of Appeals. On appeal to this Court the only issue claimant raises is whether the 1994 amendment to KRS 342.281, which provides that the failure to file a petition for reconsideration shall not preclude an appeal on any issue, is remedial. If it is, claimant asserts, the amendment may be applied to this case so that the claim may be remanded to the ALJ for the entry of a corrected award.

Claimant asserts that no petition for reconsideration was filed because the error in the ALJ's calculation of the award was not recognized within the 14 days allowed for filing such a petition. The bases for claimant's argument that the amendment is remedial are that the preface to the 1994 Workers' Compensation Act declares an emergency and that application of the 1994 amendment to KRS 342.281 in this case would only enforce an obligation that already exists rather than impair a vested right of the defendants. Claimant argues that the legislature is within its authority to prescribe a new remedy that may be invoked in the enforcement of a right which already has accrued, and the emergency clause which precedes the 1994 Act is an indication of the legislature's intention that the amendment be applied to claims that arose before its effective date. See *Ficke v. Board of Trustees, Etc.*, 262 Ky. 312, 90 S.W.2d 66 (1936).

The defendants argue that the 1994 amendment was intended only to overrule the decision in *Eaton Axle v. Nally, supra.* They assert that there is no indication the legislature was attempting to remedy an anomaly or ambiguity in the law and that the amendment to KRS 342.281 "is not even remotely similar to" the amendment to the reopening statute which was found to be remedial in *Peabody Coal Company v. Gossett*, Ky., 819 S.W.2d 33 (1991). The defendants conclude that because KRS 342.281

was not amended until well after this case was submitted to the Court of Appeals for decision, the pre-amended version of the statute controls the procedural rights of the parties.

The version of KRS 342.281 in effect when this claim arose provided, in pertinent part, as follows:

Within fourteen (14) days from the date of the award, order or decision any party may file a petition for reconsideration of the award, order, or decision of the administrative law judge. The petition for reconsideration shall clearly set out the errors relied upon with the reasons and argument for reconsideration of the pending award, order, or decision.... The administrative law judge shall be limited in such review to the correction of errors patently appearing upon the face of the award, order, or decision....

In 1994, the legislature amended this statute by adding the following sentence at the end. "The failure to file a petition for reconsideration shall not preclude an appeal on any issue."

In *Eaton Axle v. Nally, supra* at 338, this Court held that:

before beginning the appellate process which utilizes the court system, the claimant, employer or any other party involved in the case before the Workers' Compensation Board seeks an appeal on errors which are patent upon the face of the award, order or decision, he *must* first file a Petition for Reconsideration pursuant to KRS 342.281. (Emphasis original.)

The decision was rendered in 1985, at which time the Board was the finder of fact, and review of the Board's decision was undertaken in the Circuit Court. In that case, KRS 342.281 was viewed by the Court as the statutory counterpart of CR 52.04, a rule which promotes judicial economy by requiring that the omission of facts essential to a judgment be brought to the attention of the trial court before the appellate process begins. The effect of the decision was that patent errors or omissions of fact in awards, orders, or decisions of the Board were not considered to be preserved for review by the

Circuit Court unless they first had been brought to the attention of the Board by means of a timely petition for reconsideration.

In 1987, the Worker's Compensation Act was amended with the result that the ALJ has become the finder of fact, and the ALJ's decision may be appealed to the Board. KRS 342.275; KRS 342.285. No new evidence may be introduced before the Board, and the Board may not substitute its judgment for that of the ALJ concerning the weight of evidence on questions of fact. The scope of review of the Board is limited to determining whether the ALJ's decision was: authorized, not procured by fraud, in conformity with Chapter 342, supported by the evidence, and not arbitrary or capricious. See KRS 342.285.

In *Vessels v. Brown–Forman,* Ky., 793 S.W.2d 795 (1990), this Court construed the effect of the 1987 amendments on the procedure for the judicial review of workers' compensation decisions. We held that the review of a workers' compensation decision which is undertaken by the Court of Appeals, although denominated as an appeal, does not constitute an appeal for the purposes of Section 115 of the Kentucky Constitution. We noted that, as a result of the 1987 amendments, the first review of a workers' compensation decision which utilizes the court system occurs at the Court of Appeals rather than at the Circuit Court. Therefore, we concluded that, because workers' compensation claims are first judicially reviewed before the Court of Appeals, they may be appealed to this Court as a matter of right.

Subsequently, in *Osborne v. Pepsi–Cola,* Ky., 816 S.W.2d 643 (1991), a question arose concerning the effect of the 1987 amendments to the Act on the requirement of *Eaton Axle v. Nally, supra,* that a petition for reconsideration be filed in order to preserve patent errors or omissions of fact for judicial review. We determined that, in cases reviewed under the post–1987 law, a party was required to file a timely petition for reconsideration before the ALJ in order to preserve for review by the Board any patent error or omission of fact in the ALJ's decision. We explicitly rejected the argument that the de-

cision in *Eaton Axle v. Nally, supra,* required only that errors be raised at the administrative level in order that they be preserved for judicial review. It is apparent that the purpose of the legislature in enacting the 1994 amendment to KRS 342.281 was to overrule our decision in *Osborne v. Pepsi–Cola, supra,* in that regard. This was accomplished by amending KRS 342.281 to allow for an appeal on any issue, thereby including those errors or omissions not brought to the attention of the ALJ by means of a timely petition for reconsideration.

Both KRS 342.281 and the requirement that a timely petition for reconsideration be filed in order to preserve a patent error for judicial review, are procedural in nature. Workers' compensation is statutory, and it is within the authority of the legislature to prescribe rules of administrative procedure by enacting statutes such as KRS 342.281 to govern the adjudication of workers' compensation claims. The power to prescribe rules of procedure for the courts resides in the Supreme Court. Kentucky Constitution, § 116. Among those rules of court is CR 52.04, which was the basis for the principle set forth in *Eaton Axle v. Nally, supra* at 338, that error which is not preserved before the Board may not be the subject of judicial review.

In view of the foregoing, we conclude that the 1994 amendment to KRS 342.281 was a procedural change and that its purpose was remedial. The remedial effect of the amendment was to provide that a party's failure to file a timely petition for reconsideration before the ALJ would not preclude an appeal to the Board on any issue, including patent errors or omissions of fact in the ALJ's decision. Furthermore, we conclude that the amendment had the effect of reinstating the principle of *Eaton Axle v. Nally, supra,* as it existed before the decision in *Osborne v. Pepsi–Cola, supra,* which principle is that a patent error or omission of fact in a workers' compensation decision which has not been preserved before the Board may not be the subject of judicial review.

Remedial statutes are to be applied in a manner which accomplishes the purpose

for which they were enacted. *Peabody Coal Co. v. Gossett, supra;* 73 Am.Jur.2d *Statutes* § 354 (1974). Consistent with its remedial purpose, we conclude that the 1994 amendment to KRS 342.281 applies to those cases pending before the Board on or after April 4, 1994, the effective date of the amendment. The amendment also applies to those cases pending before the Court of Appeals or this Court on or after April 4, 1994, wherein the issue of whether the 1994 amendment to KRS 342.281 was remedial was raised at the Board and preserved.

In the instant case, the 1994 amendment to KRS 342.281 became effective while the case was under submission before the Court of Appeals, and the question of its application first arose before this Court. Therefore, the argument that the amendment was remedial was not preserved for judicial review, and the procedural change effected by the amendment does not apply to this case.

At the oral argument of this case, there was discussion of *Wheatley v. Bryant Auto Service,* Ky., 860 S.W.2d 767 (1993), in which the Court held that the "mistake" provision of KRS 342.125 allowed for the reopening of a final award by an ALJ in order to correct a legal error contained therein. However, the question of whether a reopening pursuant to the decision in that case might be a vehicle whereby this award could be corrected was raised by the Court and not by the parties. Under those circumstances, it is not necessary for us to comment further on the issue, and we will refrain from doing so at this time.

The decision of the Court of Appeals is hereby affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which SPAIN and STUMBO, JJ., join.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the Majority Opinion because the undisputed error in this award may be corrected regardless of whether the 1994 amendment to KRS 342.281 is remedial or applies in this case. *Wheatley v. Bryant Auto Service,* Ky., 860 S.W.2d 767 (1993), determined that the mistake provision of KRS 342.125 authorized an Administrative Law Judge to reopen a worker's compensation award in order to correct an error of law, even though no petition for reconsideration had been filed and the award had not been appealed. In that case, the ALJ had misapplied the law and erroneously awarded total disability benefits for a period of only 425 weeks when, at the time of the injury, the law provided for a lifetime award.

In this case, it is undisputed that the findings of fact by the ALJ entitled Smith to receive benefits equal to 80 percent of those for total occupational disability. KRS 342.730(1)(a). However, the ALJ erroneously computed the award as one for an 80 percent permanent, partial occupational disability under KRS 342.730(1)(b).

The Special Fund did not defend the computation by the ALJ to the Board but argued only that *Eaton Axle Corporation v. Nally,* Ky., 688 S.W.2d 334 (1985), precluded the claimant's appeal of the issue. Although it can be argued that the particular error in this award was a mixed question of fact and law, nonetheless, it is clear that the wrong subsection of KRS 342.730 was applied. Under these circumstances, I believe that a reopening in order to correct this award is permitted. Furthermore, because this conclusion would render moot the question of whether the 1994 amendment of KRS 342.281 was remedial, I would refrain from addressing that issue.

Therefore, I would reverse the decision of the Court of Appeals and remand this case to the ALJ for a reopening of the award and the entry of a corrected award pursuant to KRS 342.730(1)(a).

SPAIN and STUMBO, JJ. join in this dissent.