RENDERED MARCH 25, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0133-WC

DIANE ANDERSON                                                   APPELLANT

|  | ON APPEAL FROM COURT OF APPEALS |
|--|--|
|  | NO. 2019-CA-1414 |
| V. | WORKERS' COMPENSATION BOARD |
|  | NO. 18-WC-01444 |

MOUNTAIN COMPREHENSIVE HEALTH                 APPELLEES
CORPORATION; HON. JONATHAN R.
WEATHERBY, ADMINISTRATIVE LAW
JUDGE; AND WORKERS' COMPENSATION
BOARD

**OPINION OF THE COURT BY JUSTICE KELLER**

**REVERSING AND REMANDING**

Administrative Law Judge (ALJ) Jonathan R. Weatherby dismissed Diane Anderson's (Anderson) workers' compensation claim finding Anderson failed to provide reasonable notice of her injury to her employer, Mountain Comprehensive Health Corporation (MCHC). Applying the notice provisions of KRS[1] 342.185(1), the ALJ found Anderson's delay of almost two years from the original manifestation date, based on Dr. Owen's treatment record dated January 23, 2017, was not timely. Both the Workers' Compensation Board

---

[1] Kentucky Revised Statute.

(Board) and the Court of Appeals affirmed the ALJ. In reviewing the evidence, statutes, and pertinent case law, we hold that the ALJ erred in applying KRS 342.185(1) to Anderson's claim. As of July 14, 2018, the notice provisions of KRS 342.185(1) do not apply to cumulative trauma injuries. The General Assembly added KRS 342.185(3), specifically addressing a claimant's notice requirements for cumulative trauma injuries. We hold the ALJ applied the incorrect provision of the statute and that under KRS 342.185(3), Diane Anderson's claim was timely. For this reason, we reverse and remand.

## I. BACKGROUND.

Anderson worked for MCHC as a nurse for twenty-one years. Anderson claims she suffered work-related injuries to her neck, back, and hands as a result of her employment. Her injuries became so crippling that she resigned from MCHC on November 17, 2017. Subsequently, Anderson filed a claim for Social Security disability benefits. On October 3, 2018, Anderson filed a workers' compensation claim, Form 101, alleging she sustained cumulative trauma injuries to her neck, back, and hands on November 17, 2017, while working for MCHC. Her Form 101 asserts she gave MCHC notice of her cumulative trauma, in writing, on September 26, 2018. On October 30, 2018, MCHC filed a special answer, asserting Anderson's claims were time-barred.

During her deposition on November 19, 2018, Anderson testified that the first doctor to connect her pain with her work was Dr. James Owen and that she saw Dr. Owen in "January of this year." However, Anderson never listed Dr. Owen on her Form 105, Chronological Medical History, accompanying her

2

claim.[2] This admission prompted MCHC to request the production of Dr. Owen's medical records. The ALJ issued an order of compliance on December 14, 2018, but Anderson's response to the order contained no information from Dr. Owen. MCHC issued a request directly to Dr. Owen. Dr. Owen faxed a copy of his handwritten treatment notes to MCHC, indicating he examined Anderson on January 23, 2017. MCHC filed a copy of this response with the ALJ on February 7, 2019.

A benefits review conference was held on February 12, 2019, followed by a formal hearing on February 26, 2019. MCHC contested that Anderson provided reasonable notice of her work-related injury under KRS 342.185. Anderson's brief, filed March 27, 2019, contradicted her deposition testimony regarding the initial physician to correlate her pain with her work. In her brief, and subsequent hearing testimony, she stated Dr. Chad Morgan first informed her she had permanent, work-related injuries on September 25, 2018. MCHC argued that since: (1) Anderson previously testified it was Dr. Owen who initially diagnosed her; (2) Dr. Owen's report was dated January 23, 2017; and (3) she did not comply with discovery, her 618-day delay in providing notice was untimely.

In determining the manifestation date, the ALJ noted that Dr. Owen's handwritten treatment note conflicted with Anderson's testimony as to when she saw him. Dr. Owen's record indicated a treatment date of January 23,

---

[2] A Chronological Medical History documents: (1) names and addresses of every physician/hospital the plaintiff saw or visited; (2) dates treatment was received; (3) the nature of the injury; and (4) whether the plaintiff is still under a doctor's care.

2017, while Anderson's testimony inferred a date in January 2018. The ALJ chose to believe Anderson was mistaken, and that the treatment occurred in January 2017. Based on the 618 days between treatment and notice, the ALJ found that Anderson had not provided notice "as soon as practicable per KRS 342.185," and dismissed her claim. Due to the dismissal, the ALJ never made findings of fact or conclusions of law regarding whether Anderson's injuries were work-related cumulative trauma or to what benefits she may have been entitled. It was in reviewing the ALJ's opinion that Anderson first identified the typographical error in Dr. Owen's handwritten treatment record.

Anderson did not file a petition for reconsideration requesting the ALJ correct the record; instead, she appealed to the Board. In her appeal, Anderson attached, for the first time, two medical reports to her brief. The first was Dr. Owen's report generated for the Social Security Administration, dated January 23, 2018. The second was a statement from Dr. Owen, dated June 13, 2019, indicating the date on his handwritten treatment note was incorrect and that he saw Anderson on January 23, 2018, not 2017. Anderson argued she only discovered the mistake after the ALJ's opinion, and Dr. Owen was on vacation at the time, leaving Anderson unable to timely file a petition for reconsideration. The Board rejected this notion stating that for the Board to review the "mistake," Anderson had to have first filed a petition for reconsideration.

The Board also rejected Anderson's argument that the ALJ's opinion should be reversed due to newly discovered evidence.[3] The Board found that while Dr. Owen's handwritten treatment note was misdated, the correctly dated report did not constitute newly discovered evidence. The correct report was in existence at the time of the hearing and could have been discovered with due diligence on Anderson's part. The Board also noted that if Anderson had complied with the request for production of documents, she would have had five months before the ALJ's opinion was rendered, easily allowing her to identify the typographical error or counter with the report generated for her disability claim. Thus, the Board affirmed the ALJ's opinion.

A unanimous Court of Appeals agreed with the Board's logic. The Court of Appeals said that the incorrect date could have been discovered and corrected if Anderson had exercised due diligence in obtaining the correctly dated report. Additionally, the court said Anderson should have been aware that Dr. Owen's report was critical, as she testified at her deposition that he was the doctor that originally diagnosed her with a work-related injury. Furthermore, the court noted Anderson failed to disclose her examination by Dr. Owen on her Form 105 and did not timely comply with discovery requests. Based on these facts, the Court of Appeals was not convinced that Anderson

---

[3] Anderson's argument in her brief to the Board references both KRS 342.125 and Rule of Civil Procedure 60.02, although a motion under either of those provisions was not made to the ALJ.

acted with due diligence and that the report qualified as newly discovered evidence. This appeal followed as a matter of right.[4]

Due to the confusing nature of the appellate record, we take a moment to properly outline what we are reviewing. We take as the issue for review whether the ALJ erred in dismissing Anderson's claim as untimely. We decline to review whether the requirements for a motion to reopen for a mistake or newly discovered evidence under KRS 432.125 were met. Despite all the briefing relevant to this issue, we find no motion to reopen was ever filed by Anderson to the ALJ. In short, we lack an appropriate record as to whether the claim should have been reopened for a mistake or for newly discovered evidence.

## II.  STANDARD OF REVIEW.

On review, the role of the Court of Appeals is to correct the Board only where the "Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant to cause gross injustice."[5] Further review in this Court is to address new or novel questions of statutory construction, reconsider precedent, or review questions of constitutional magnitude.[6] The ALJ, as fact finder, has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence.[7] In reaching his decision, the ALJ is free to choose to believe or disbelieve parts of the evidence from the total proof, no matter which party

---

[4]  KY. CONST. § 115.

[5]  *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

[6]  *Id.*

[7]  *Paramount Foods, Inc. v. Burkhardt,* 695 S.W.2d 418, 419 (Ky. 1985).

offered it.[8] However, "[a]s a reviewing court, we are bound neither by an ALJ's decisions on questions of law or an ALJ's interpretation and application of the law to the facts. In either case, our standard of review is de novo."[9]

### III. ANALYSIS.

We start by acknowledging that the Board and appellate courts are not fact finders and that evidence enters the record through the ALJ.[10] The dispositive issue, in this case, is not a question of fact, but a matter of law, the ALJ's misapplication of KRS 342.185. The ALJ dismissed Anderson's claim as untimely, finding that "notice was not given as soon as practicable per KRS 342.185." The ALJ relied on *Special Fund v. Francis* for the proposition that Anderson had not shown that her delay in providing MCHC notice was reasonable under the conditions.[11] While the ALJ did not cite the specific subsection of the statute, we note that the notice provision of KRS 342.185(1) is the only statutory provision with the limitation that the plaintiff's "notice of the accident shall have been given to the employer as soon as practicable after

---

[8] *Caudill v. Maloney's Disc. Stores*, 560 S.W.2d 15, 16 (Ky. 1977).

[9] *Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 631 (Ky. 2018) (citing *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009)).

[10] KRS 342.286(2) ("No new or additional evidence may be introduced before the board except as to the fraud or misconduct of some person engaged in the administration of this chapter and affecting the order, ruling, or award[.]"); *see also Carnes v. Parton Bros Contracting, Inc.*, 171 S.W.3d 60, 66-67 (Ky. App. 2005) ("On appeal, '[n]o new evidence may be introduced before the Board, and the Board may not substitute its judgment for that of the ALJ concerning the weight of evidence on questions of fact.'") (citing *Smith v. Dixie Fuel Co.*, 900 S.W.2d 609, 612 (Ky. 1995)); *Lynch v. Lynch*, No. 2003-CA-001132-MR, 2004 WL 1857176, at *1 (Ky. App. Aug. 20, 2004) ("We do not review new evidence, and it plainly violates the Civil Rules to attempt to introduce new evidence in a brief.").

[11] 708 S.W.2d 641, 643 (Ky. 1986).

the happening thereof[.]" Until July 2018, the notice requirements in KRS 342.185(1) applied to all workers' compensation claims.

In 2018, the Kentucky General Assembly amended KRS 342.185 with such amendment becoming effective on July 14, 2018.[12] It made two significant changes to KRS 342.185. First, KRS 342.185(1) was modified to include the language, "[e]xcept as provided in subsections (2) and (3) of this section[.]" Second, a new subsection three was added dealing specifically with cumulative trauma claims.[13] In its entirety, KRS 342.185(3) states:

> The right to compensation under this chapter resulting from work-related exposure to cumulative trauma injury shall be barred unless notice of the cumulative trauma injury is given within two (2) years from the date the employee is told by a physician that the cumulative trauma injury is work-related. An application for adjustment of claim for compensation with respect to the injury shall have been made with the department within two (2) years after the employee is told by a physician that the cumulative trauma injury is work-related. However, the right to compensation for any cumulative trauma injury shall be forever barred, unless an application for adjustment of claim is filed with the commissioner within five (5) years after the last injurious exposure to the cumulative trauma.

Clearly, on its face, KRS 342.185(3) provides a bright-line two-year limitation period from the date the plaintiff is told her cumulative trauma is work-related. Additionally, it establishes a firm five-year repose period from the date of last exposure. Neither limitation includes a further provision that notice to the employer be provided "as soon as practicable."

---

[12] 2018 Ky. Acts ch. 40.

[13] Act of March 30, 2018, ch. 40 § 5(3), 2018 Ky. Acts 159.

8

It is well-settled, "[n]o statute shall be construed to be retroactive, unless expressly so declared."[14] Retroactive application of statutes will be approved only where we can be certain the General Assembly intended the statute to operate retroactively.[15] It is sufficient if the legislative enactment makes it apparent that retroactivity was the intended result.[16] Section 20(2) of Chapter 40, 2018 Ky. Acts provides that,

> Sections 2, 4, and **5** and subsection (7) of Section 13 of this Act are **remedial and shall apply to all claims irrespective of the date of injury or last exposure**, provided that, as applied to any fully and finally adjudicated claim, the amount of indemnity ordered or awarded shall not be reduced and the duration of medical benefits shall not be limited in any way.[17]

The General Assembly specifically addressed retroactivity, and thus, the changes to KRS 342.185(3) apply to "all claims irrespective of the date of injury or last exposure." Accordingly, KRS 342.185(3) must be used to determine the notice requirements of Anderson's cumulative trauma claim.

There is no debate that Anderson and MCHC were litigating a cumulative trauma injury claim. Anderson's Form 101 explicitly identifies the claim as cumulative trauma, both parties' briefs and filings to the ALJ confirm the

---

[14] KRS 446.080(3).

[15] *See Commonwealth Dep't of Agriculture v. Vinson*, 30 S.W.3d 162, 168 (Ky. 2000).

[16] *Baker v. Fletcher*, 204 S.W.3d 589, 597 (Ky. 2006).

[17] 2018 Ky. Acts 183 (emphasis added). As previously stated, Section 5 outlined the changes to KRS 342.185. In *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), we recently held that the 2018 amendments to KRS 342.730(4) should be retroactively applied relying primarily on 2018 Ky. Acts ch. 40 § 20(3).

nature of the claim to be cumulative trauma, and the ALJ's evidence summary identifies the claim as cumulative trauma. Anderson's manifestation date and required notice date were an issue. At her hearing, Anderson claimed a manifestation date of September 25, 2018, corresponding to when Dr. Morgan told her of the likely connection between her pain and her employment. But in her prior deposition, Anderson stated that the first physician to make the connection was Dr. Owen as part of her Social Security disability examination in "January of this year."[18] MCHC submitted Dr. Owen's handwritten medical report stating the date of the examination was January 23, 2017. The ALJ, in weighing the evidence, reasonably accepted the date on Dr. Owen's handwritten treatment record as the manifestation date but erroneously applied the notice provision in KRS 342.185(1); specifically, the ALJ stated notice was not given as soon as practicable and dismissed Anderson's claim as untimely.

On appeal, Anderson's counsel attempted to relitigate the evidence of the actual treatment date by introducing new evidence to the Board rather than taking issue with the ALJ's erroneous application of the statute. The Board, and later the Court of Appeals, engaged with Anderson's counsel on this issue. Neither the Board nor the Court of Appeals appears to have reexamined the ALJ's failure to apply the appropriate subsection of the statute.

---

[18] Anderson's deposition occurred on November 19, 2018, and she first filed for Social Security disability after leaving her employment with MCHC on November 17, 2017. The inference is that "January of this year" was January 2018.

10

We hold that by applying the cumulative trauma notice requirements of KRS 342.185(3), Anderson's claim was timely. Anderson met the two-year statutory limitations period by sending a notice to MCHC on September 26, 2018 or filing her Form 101 on October 3, 2018. This is true, whether the initial identification of the work-related nature of her condition was January 23, 2017, January 23, 2018, or September 25, 2018. Additionally, her notice was less than a year after leaving MCHC, easily within the absolute five-year repose period since her last exposure.

Anderson's appeals to the Board and Court of Appeals were sidetracked in the debate over whether correction of the date in Dr. Owen's handwritten report required Anderson to file a petition for reconsideration pursuant to KRS 342.281 or alternatively, whether the reopening provisions of KRS 342.125 were met. In addressing Anderson's need to file a petition for reconsideration, we look to our recent decision in *Wilkerson v. Kimball International, Inc.*[19] A petition for reconsideration is required where the ALJ fails to make an essential finding of fact, and in such reconsideration, the ALJ is limited to review of errors patently appearing upon the face of the award, order, or decision.[20] In Anderson's case, the ALJ did not fail to make essential findings of fact. The ALJ addressed on the record, both Anderson's memory of the date and the documented date on Dr. Owen's report. Furthermore, given the evidence in the record, the manifestation date appearing on the order was not a patently

[19] 585 S.W.3d 231 (Ky. 2019). We note *Wilkerson* was rendered in September 2019, a month after the Board's opinion in this matter.

[20] *Id.* at 236.

obvious error. The error could only be clarified by the introduction of new evidence in the form of Dr. Owen's report submitted to the Social Security Administration and his clarifying note. This is not the type of error that KRS 342.281 is meant to address.

KRS 342.125 permits the ALJ to reopen a claim on the judge's own motion or on motion by a party. The ALJ may reopen the claim for fraud, newly discovered evidence, mistake, or a change of disability.[21] If a workers' compensation claim is dismissed, it must be reopened as directed by KRS 342.125.[22] A petition to reopen an award may be made even if the case is pending on appeal to the Board or Court of Appeals on a question not involving reopening.[23] Anderson's counsel couched his appeal to the Board as newly discovered evidence, but the record does not indicate Anderson ever filed a motion to reopen.[24] Despite this, both the Board and Court of Appeals analyzed Anderson's argument as if the ALJ had denied a motion to reopen; again, a motion that was never actually made. The question of mistake, or newly discovered evidence, as to Dr. Owen's notes, was a question of fact for the ALJ

---

[21] KRS 342.125(1); *see also Whittaker v. Reeder*, 30 S.W.3d 138 (Ky. 2000) (explaining final workers' compensation award may be reopened sua sponte by the fact-finder for the correction of a mistake in applying the law as it existed at the time of the award).

[22] KRS 342.125(2).

[23] *Columbus Min. Co. v. Sanders*, 159 S.W.2d 14 (Ky. 1942) (holding the right to petition to reopen a case may be exercised although the case is pending in the Court of Appeals on a question not involved in the petition for the reopening).

[24] *See Stearns Coal & Lumber Co. v. Roberts*, 168 S.W.2d 573 (Ky. 1943) (holding that a circuit court is without jurisdiction to hear evidence not heard by the Board, and the proper procedure was to apply to the Board for reopening). At the time of *Stearns*, the Board was the finder of fact in workers' compensation cases, and the circuit courts functioned as today's Board.

and without a motion to reopen, was never properly before the Board or Court of Appeals.

In the end, neither the question of Anderson's lack of a petition for reconsideration nor motion to reopen is relevant to the error in this case. We hold that when reviewing whether notice was adequate in cases of cumulative trauma injuries, KRS 342.125(3) establishes a two-year limitation period from manifestation date and an absolute repose period of five years from last injurious exposure. As a matter of law, the ALJ's application of KRS 342.125(1) in dismissing Anderson's claim was an error, and therefore we reverse and remand.

### IV. CONCLUSION.

For the stated reason, the Court of Appeals is reversed, and the case is remanded to the ALJ for further proceedings consistent with this opinion.

All sitting. All concur.

13

COUNSEL FOR APPELLANT:

McKinnley Morgan
Morgan Collins Yeast & Salyer

COUNSEL FOR APPELLEE, MOUNTAIN COMPREHENSIVE HEALTH
CORPORATION:

W. Barry Lewis
Lewis and Lewis Law Offices

ADMINISTRATIVE LAW JUDGE:

Jonathan R. Weatherby

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman